WESTERN UNION TELEGRAPH COMPANY v. °J. W. HENDERSON.

Decided October 26, 1910.

**1.—Telegraph Company—Negligence—Consequential Damages—Pleading.**

In an action against a telegraph company for damages caused by failure to deliver a telegram concerning the movement of cattle, petition considered and held sufficient as against exceptions on the ground that there was no distinct allegation that the cattle would have been moved, and so the alleged injuries averted, if the telegram had been promptly delivered; and sufficient to show that the damages for which a recovery was sought must have been within the contemplation of the parties at the time the telegram was delivered for transmission.

**2.—Appeal—Brief—Defective Statement.**

A reference in a brief to a bill of exceptions is not a sufficient substitute for a statement of the evidence under an assignment of error.

**3.—Telegraph Company—Notice to Agent.**

A telegraph company is charged with knowledge in the possession of its agent even though the agent obtained such knowledge by reason of being also agent for a railroad company, or in any other way.

**4.—Same—Non-delivery of Message—Failure to Notify Sender.**

The failure of an agent of a telegraph company to notify the sender of a message, known to the agent to be important, that the same had not been delivered, and knowingly to permit the sender to act upon the belief that it had been delivered, would be negligence for which the company would be responsible, and hence material to be proved in support of such allegation.

**5.—Same—Damages—Pleading.**

A plaintiff is not required to plead his evidence. Rule applied in an action against a telegraph company for damages caused by failure to deliver a telegram concerning the movement of cattle.

**6.—Same—Negligent Delay—Evidence.**

To prove negligence in the transmission and delivery of a telegram it is competent for the sender, although not an expert in telegraphy, to testify that he had previously sent many telegrams between the same points and that they had been quickly delivered.

**7.—Trial—Incompetent Testimony—Practice.**

The admission of incompetent testimony is not cause for reversal when other testimony of the same character is in the record without objection.

Appeal from the District Court of Victoria County. Tried below before Hon. James C. Wilson.

*Proctor, Vanderberge & Crain* and *N. L. Lindsey* (*Geo. H. Fearons,* of counsel), for appellant.

*Fly & Daniel, Sam C. Lackey* and *J. B. Lewright,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages to cattle alleged to have accrued by reason of the failure to promptly deliver a telegram sent by appellee from Placedo, Texas, to Javiel Garza at Banquette, Texas, requesting said Garza to meet appellee at Driscoll on a certain day with a man and two horses. It was alleged that appellee was engaged in buying, selling and raising cattle and had a livestock ranch about eight miles from Driscoll, a station on the St. Louis, Brownsville & Mexico Railway, in Nueces County, and that he desired to ship eight carloads of cattle from Placedo, Victoria County, to Driscoll and thence drive them to his ranch. That he had made arrangements with his agent, Javiel Garza, to meet him at Driscoll when he received notice that he was wanted, and in pursuance of the agreement, on July 17, 1907, appellee delivered a message to appellant at Placedo to be transmitted and delivered to Garza at Banquette requesting him to meet appellee at Driscoll early on Friday, July 19, and to bring one man and two horses. It was further alleged that Garza was waiting at Banquette to receive the telegram and would have complied with the request contained in it if it had been promptly delivered on July 17 or 18 as it should have been, and that the telegram was not so delivered. It was alleged that the agent of appellant at Placedo knew that the cattle were to be shipped and knew the reason for sending the telegram, but appellant negligently failed to transmit and deliver the message, by reason of which the cattle were held and detained in the pens at Driscoll and damaged in the sum of $1430. The Texas Mexican Railway Company was also sued.

A jury was waived and the cause tried by the district judge who rendered judgment that appellee take nothing as to the Texas Mexican Railway Company, but recover of appellant the sum of $883.

The evidence shows the delivery of the telegram to appellant, as alleged, and its failure to deliver it and the consequent damages in the sum found by the court.

The first, second, third and fourth assignments of error assail the action of the court in refusing to sustain general and special demurrers to the petition, and we think they are without merit. It was not necessary that appellee should have alleged that the cattle would not have been allowed to remain in the pens if Garza had met him in Driscoll, as he had been requested to do through the message. Facts were alleged that would render it impossible for any other conclusion to be reached than that appellee was anxious to move the cattle at once to his ranch. He alleged that he walked a mile to borrow a horse to ride to his ranch to get help to move the cattle, which is utterly inconsistent with any theory other than that he desired very much to remove the cattle to his ranch. The cattle were shipped in July, a month of extreme heat in

Texas, and appellant knew the point to which they were shipped, when they were shipped, and the purpose of the shipment, and knew that the cattle would probably be detained in the heat if no one was in Driscoll to assist appellee, and the damages from such detention, whether by death of the cattle or injury thereto, was doubtless within the contemplation of the parties. All the circumstances were, it is alleged, fully explained to the agent of appellant at Placedo, and he was charged with notice that the heat and confinement of cattle in pens at Driscoll would injure and perhaps kill them. No other damages were recovered. The language of the telegram showed to appellant that appellee was desirous of moving the cattle early on Friday morning, July 19, and, outside of its terms, appellant was informed of the circumstances and was charged with knowledge of the probable consequences of a failure of the men to meet appellee at Driscoll. Bourland v. Choctaw, O. & G. Ry., 99 Texas, 407; Western U. Tel. Co. v. Kibble (Texas Civ. App.), 115 S. W., 643.

The agent of appellant at Placedo, was also the agent of the railway company over whose line the cattle were shipped, and he must have known the condition and location of the pens at Driscoll and that the cattle would be exposed to the July sun without food and water, as alleged in the petition. It was alleged in the petition that appellee was unable to procure food and water for the cattle in Driscoll and the allegation was sufficient to admit proof of the same, and the fifth assignment is therefore overruled.

The allegations were sufficient to justify proof that Placedo was a railroad and telegraph station, and how it could possibly have injured appellant to prove Corpus Christi was a telegraph station is not apparent and is not shown by the sixth assignment of error. There is no statement, such as is contemplated by the rules, made under the assignment which complains of the admission of the testimony.

The seventh assignment of error is overruled. It was alleged that the agent of appellant knew the cattle that were shipped from Placedo and it was proper to allow testimony as to their class and condition.

The eighth assignment of error is not followed by a statement. A reference to the bill of exceptions is not sufficient. Taylor v. Davidson (Texas Civ. App.), 120 S. W., 1018. The statement in the assignment is not full enough to demand attention. However, we think that testimony tending to show that the agent of appellant knew where the cattle were to be shipped was permissible, whether he obtained the knowledge by reason of being the agent of the carrier or in any other way.

The testimony objected to and set out in the ninth and tenth assignments of error was directly in point and material, and was properly admitted. Testimony to the effect that, after the message had been received but before it was sent, appellee told the agent of appellant of the importance of having the message reach Garza and his promise to trace the message and see that it was delivered, and that this conversation was at a time when the message could have been sent and could have reached Garza in time, was important and admissible as tending to show the negligence

of appellant in making no effort to deliver the message. The agent testified that he knew that the message would have to be sent by telephone from Alice to Banquette and that the telephone line was out of order, but did not inform appellee of that fact, although the cattle were sent out on the night of July 18. He made no effort to get the message through over other lines although there were others, with which appellant was in the habit of exchanging business. The agent at Placedo knew the message had not been delivered but did not inform appellee, although he knew the importance of the message. This duty appellant owed to appellee, and the duty was made plain by the evidence to which objection was urged. Western Union Tel. Co. v. Sorsby, 29 Texas Civ. App., 345 (69 S. W., 122).

Appellee was not compelled to plead his evidence, and the fact that there was no water or food obtainable at Driscoll, and the condition of the cattle by reason of the lack thereof, was permissible although not set forth in terms in allegations in the petition. The eleventh assignment of error containing the objection is not followed by a proper statement and is not really entitled to consideration.

The twelfth, thirteenth, fourteenth, fifteenth, eighteenth and twentieth assignments complain of certain testimony as not being warranted by the pleadings in the case, and are overruled. If the contentions of appellant as to pleadings were sustained, a petition would contain and be as bulky as the whole statement of facts, and would encumber the record to an extent that would not be countenanced by any court. The evidence was properly admitted.

Appellee showed that he had sent a number of telegrams from Victoria to Robstown and from Banquette to Victoria and it was not error to permit him to testify that they could be sent quickly. The only objections urged to the testimony were that appellee was not shown to be an expert and that the facts were not alleged in the petition, neither of which objections is tenable.

The witness, T. D. Woods, was permitted, without objection, to testify that the damage to the cattle would be $3 a head and that a year would be lost on them and it might represent a loss of $10 a head, and the complaint of testimony of the witness, afterwards given, that it would take $3 a head to carry them over from one spring to another, can not be sustained, especially as the court only found for appellee for the damages to the cattle in the sum of $3 a head. The assignment of error has no sufficient statement under it nor in it.

The testimony complained of in the nineteenth assignment of error does not appear in the statement of facts as therein stated, and there is no statement under the assignment; but if the testimony was admitted as stated in the assignment, it was admissible on the cross-examination of appellant's agent. The contract was to get the message to Banquette and it was immaterial to appellee as to how appellant sent it. If, as is testified by the agent, there was no way to send the message except by Alice, and appellant's agent knew that it was impossible to send it that

way, and yet did not inform appellee of that fact but saw him ship his cattle to a place where it was known that they would necessarily be delayed, it was calm and premeditated negligence without mitigation or excuse. It evinced a total disregard for the rights of appellee that is rarely seen in cases of this character. What has been said as to the nineteenth assignment of error is applicable to the twenty-first, and it is overruled.

The agent of appellant swore as to his statements to the Mexican, who was sent by appellee to deliver the message to appellant, that the message would be sent by telegraph to Alice and thence by telephone to Banquette, and appellee was properly allowed to prove by the Mexican that no such statements were made to him. The questions used to obtain the testimony were not leading. This disposes of the twenty-second, twenty-third and twenty-fourth assignments of error.

The twenty-fifth assignment of error is a reiteration of other assignments herein disposed of, and it is overruled. Not only did the terms of the message convey notice that appellee desired to move the cattle at once from Driscoll, but appellee told the agent before the message was sent that it was very important that they should be moved immediately, giving the reasons therefor.

The evidence fully sustains the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.