### TUCKER PRODUCE CO. v. STRINGER et al.

(Court of Civil Appeals of Texas. Amarillo. Feb. 24, 1912. Rehearing Denied March 22, 1912.)

1. APPEAL AND ERROR (§ 713*)—RECORD—MATTERS TO BE SHOWN.

Where depositions are not attached to, or even referred to as a part of, a motion to suppress them, they should not be copied at length in the transcript on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2379, 2463, 2645, 2956, 2957; Dec. Dig. § 713.*]

2. COSTS (§ 256*) — APPEAL AND ERROR (§ 655*)—RECORD — IMPROPER MATTER—PENALTY.

Where improper matter is copied in the transcript on appeal, the proper practice is to tax the costs incident to including such matter against the party taking out the transcript, and not to strike the transcript itself from the files.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 792; Dec. Dig. § 256;* Appeal and Error, Cent. Dig. §§ 2823-2825; Dec. Dig. § 655.*]

3. APPEAL AND ERROR (§ 656*)—RECORD—CORRECTION.

Under Sayles' Ann. Civ. St. 1897, art. 998, authorizing the Court of Civil Appeals to ascertain, by affidavit or otherwise, such matters of fact as may be necessary to the proper exercise of its jurisdiction, where a motion to strike a transcript on appeal from the files, on the ground of a typographical error in the copy of the judgment, has attached to it a correct copy of the judgment, duly certified, the court will consider the record as amended to conform to the true copy, and not strike out the transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2826-2828; Dec. Dig. § 656.*]

4. APPEAL AND ERROR (§ 759*) — BRIEFS — NUMBERING ASSIGNMENTS.

Under rule 29 for Courts of Civil Appeals (67 S. W. xv), providing that assignments of error in the brief shall be numbered from first to last in consecutive order, but need not be presented in the same order in which they appear in the original assignment of errors, the numbers of the assignments in the brief should run from 1 on, in consecutive order, without regard to the numbers as found in the transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

5. APPEAL AND ERROR (§ 759*)—ASSIGNMENTS OF ERROR—STATEMENTS AND PROPOSITIONS.

Under rule 29 for Courts of Civil Appeals (67 S. W. xv), requiring assignments of error to be copied in the brief, and rule 31 (67 S. W. xvi), requiring a brief statement of such proceedings contained in the record as are necessary and sufficient to explain and support the proposition to be subjoined to each proposition under an assignment, where assignments in the brief are not copies of any assignments in the record, and the statements subjoined to propositions are not copied from the record, but merely represent the counsel's version of the matters contained in the record, such assignments will be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

6. APPEAL AND ERROR (§ 759*)—BRIEFS—ASSIGNMENTS OF ERROR.

Where assignments of error in a brief present altogether different propositions of law from those presented by the corresponding assignments in the record, they will be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

Appeal from Swisher County Court; W. Hendrix, Judge.

Action by R. L. Stringer and others against P. M. Peterson and another. From a judgment for plaintiffs, the defendant Tucker Produce Company appeals. Affirmed.

J. C. Hunt, of Canyon, and R. E. Green, of Tulia, for appellant. Martin & Zimmermann and Gus. W. Smith, all of Tulia, for appellees.

GRAHAM, C. J. This suit was begun in the county court of Swisher county by R. L. Stringer suing P. M. Peterson and the Tucker Produce Company, a mercantile firm composed of D. A. Tucker, Marion Tucker, and E. L. Tucker, to recover $202, the amount alleged to be due on a certain rental or lease contract covering a piece of business property in the town of Tulia, in Swisher county.

The record shows that Stringer leased the premises to Peterson for the period of one year at a rental of $60 per month, the rent to be paid monthly; that Peterson was conducting a mercantile business therein, but before the expiration of the leasehold period he sold his stock, as well as his leasehold rights in the premises, to the Tucker Produce Company, it agreeing to take care of the rents on the premises for the balance of the period covered by the lease; that said Tucker Produce Company took possession of said stock, as well as said premises, and paid some of the rents that thereafter accrued, but failed and refused to pay a balance of $202, and, Peterson also having failed to pay said balance, this suit was filed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appellant sought to avoid liability on the ground that the subletting to it was without the consent of Stringer, and, if Stringer thereafter accepted it as a tenant, there was no joint liability between appellant and Peterson. Appellee Peterson contended that, as Stringer had accepted the Tucker Produce Company as his tenant, Stringer had released him from liability on the contract, but prayed that in the event he was held liable that he recover over against the Tucker Produce Company for so much as plaintiff recovered against him.

A trial before the court, without a jury, resulted in a judgment in plaintiff's favor and against all of the defendants, from which judgment the Tucker Produce Company alone has appealed to this court.

[1, 2] Appellees filed in this court a motion to strike out the transcript in this cause, on the ground that same has copied at length therein, interrogatories to a witness, as well as the answers of the witness thereto, including, also, the commission authorizing the taking the answers of the witness. An inspection of the transcript shows that the interrogatories, answers of the witness, and the commission are all copied at length therein, as well as a motion made by appellees to suppress the deposition of the witness, though the transcript shows that the depositions were not attached to or even referred to as a part of said motion to suppress; and hence we think the deposition should not have been copied in the transcript. We do not think, however, that the fact that the depositions should not have been copied in the transcript requires that the transcript itself be stricken from our files. We think the more reasonable and just practice in such cases is to tax the costs incident to improper matter being copied in the transcript to the party taking out the transcript; but, as we have concluded that this case must be affirmed and the entire cost taxed against the appellant, it becomes unnecessary to make any separate order referring to the matter improperly brought into the transcript in this case.

[3] A part of the motion above discussed calls our attention to what appears to be a typographical error in the transcript, made in copying the judgment therein, and the motion has attached to it a copy of the judgment rendered below, duly certified by the clerk of that court, and, as the typographical error in the transcript is thus made patent, we will consider the record as thus corrected. Article 998, Sayles' Annotated Civil Statutes.

Appellant has also filed in this court a motion to strike out appellees' brief herein for the reasons stated in the motion; but we have examined the copies of appellees' brief on file in this court, and think them not open to the objections urged in the motion, and we therefore overrule it.

By consent of counsel for appellant and appellee, the motions above mentioned were submitted with the cause on its merits, and, the motions having been disposed of, we will proceed with the consideration of the case upon its merits.

[4] As we construe rule 29 (67 S. W. xv) for Courts of Civil Appeals, assignments of error in appellant's brief should run from 1 on, in consecutive order, without regard as to the number of the assignments as found in the transcript, and this has not been done by appellant in this case; the first assignment in his brief being No. 3. He has, however, numbered them consecutively from No. 3 on.

[5] Appellees object to our considering appellant's third and fourth assignments of error as contained in his brief, on the ground that no proper statement is submitted under either, and we think the objection is well taken, in that nothing is copied in the statement from the record supporting the proposition or assignment, but counsel's version of the matter only is given in the statement, wherein we are referred to the record for a verification of his version—not for a verification of the matter copied in the brief, as is contemplated under rule 31 (67 S. W. xvi) for Courts of Civil Appeals. Rule 29 for Courts of Civil Appeals requires that the assignments of error contained in the record shall be copied in the brief; and an inspection of the third and fourth assignments, as copied in appellant's brief, shows that they are not copies of the third and fourth assignments in the record; and if they are copies of any other assignments in the record we fail to find them. For the reasons above stated, we will not consider appellant's third and fourth assignments, as contained in his brief. Rules 29 and 31, for Courts of Civil Appeals; Bayne v. Denny et al., 21 Tex. Civ. App. 435, 52 S. W. 983; Taylor v. Davidson, 120 S. W. 1018; Western Union Telegraph Co. v. Henderson, 131 S. W. 1153.

[6] We have examined the remaining assignments of error found in appellant's brief, and have compared them with the assignments in the record of corresponding number, and find that no one of them, as found in the brief, is a copy, even in substance, of the one found in the record; in fact, the assignment as it appears in the brief in many instances presents an altogether different proposition of law to what the assignment of corresponding number in the record presents, and for these reasons we decline to consider the remaining assignments in appellant's brief. Tabb v. Smart (Sup.) 12 S. W. 977; G., C. & S. F. Ry. Co. v. Shelton, 96 Tex. 301, 72 S. W. 165; T. & P. Ry. Co. v. Eberheart, 91 Tex. 321, 43 S. W. 510.

There being no assignments of error in appellant's brief which we are warranted under the rules in considering, we have inspected the record for fundamental errors,

and, failing to find any, the judgment of the trial court will, in all things, be affirmed; and it is so ordered.