## DUNNAGAN v. LACKEY.
### (No. 2664.)

(Court of Civil Appeals of Texas. Amarillo.
April 28, 1926.)

**1. Appeal and error ⪜⟞970(1)—Trial ⪜⟞41 (2)—Enforcement of rule, excluding witness from trial, is within discretion of court, whose action will not be reversed in absence of abuse.**

Enforcement of rule by refusing to permit administrator's brother to be present at trial of claim against estate is within discretion of court, and action will not be reversed in absence of abuse.

**2. Appeal and error ⪜⟞1048(2)—Error in admitting transactions between claimants and deceased held harmless, where evidence; was otherwise sufficient to sustain claim (Vernon's Sayles' Ann. Civ. St. 1914, art. 3690 [Rev. St. 1925, art. 3716]).**

In action against estate for services rendered deceased, admission of conversations and transactions between claimant and wife and deceased, though erroneous under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690 (Rev. St. 1925, art. 3716), was harmless, in view of evidence sufficient to sustain claim of theory that claimants were living with deceased under arrangement by which they were to be compensated.

**3. Executors and administrators ⪜⟞221(3, 5) —Testimony by third party that deceased stated property would some day belong to plaintiff held sufficient and admissible to sustain claim against estate.**

Testimony by witness consulting deceased concerning gas fixtures in his house, that deceased stated that property would some day belong to plaintiff who was taking care of him, *held* admissible and sufficient to sustain verdict for claimant on theory that arrangement had been made to compensate plaintiff.

**4. Appeal and error ⪜⟞909(4)—Items claimed by administrator in cross-action to suit on claim against estate are presumed to be waived or found against him, where issue was not presented nor charge objected to for failure to submit issue.**

Where no issue was presented or requested on items claimed by administrator in cross-action to suit on claim for services rendered deceased, and no objection was urged to charge because of failure to submit such issue, it is presumed that administrator either waived items or that court found against him.

Appeal from District Court, Wichita County; Guy Rogers, Judge.

Suit by W. M. Lackey against W. J. Dunnagan, administrator of the estate of J. T. Dunnagan, deceased, in which the administrator filed a cross-action. Judgment for plaintiff, and the administrator appeals. Affirmed.

Heyser & Hicks, of Wichita Falls, for appellant.

Jos. H. Aynesworth, of Wichita Falls, for appellee.

HALL, C. J. The appellee, Lackey, sued appellant as the administrator of the estate of J. T. Dunnagan, deceased, to establish a claim against the estate of J. T. Dunnagan, deceased, which had been properly verified, but rejected by the administrator.

The plaintiff alleged that he had been employed by J. T. Dunnagan to look after him for a period of time beginning April 7, 1923, and ending the 13th day of May, 1924, that J. T. Dunnagan had accepted his services, and promised plaintiff to pay him the reasonable value thereof, which he alleges to be $100 per month, and that said sum is a reasonable amount for the services performed.

The appellant administrator answered by general demurrer and special exception, a general denial, and specially alleged that on or about the 7th day of April, 1923, J. T. Dunnagan was the owner of a furnished residence in Electra, Tex., which he then occupied; that, being desirous of having some one in the house with him, he agreed with plaintiff that the latter might occupy said furnished home, with the exception of one room, which J. T. Dunnagan reserved for himself; that the remuneration to be paid by plaintiff for the use of the premises was that plaintiff and his wife should furnish meals, take care of the said J. T. Dunnagan during any sickness he might have, and do his laundry work while plaintiff occupied the home, all of which plaintiff agreed to do, and in pursuance of said agreement and in compliance therewith, occupied the home until the 13th day of May, 1924; that the rental value of said home furnished was $40 per month, which was more than reasonably sufficient to pay plaintiff for all of his services.

By way of cross-action against plaintiff, the defendant alleged that his decedent had on numerous occasions loaned the plaintiff money, in the total sum of $150, which had not been repaid; and he prayed, in the alternative, that, if plaintiff should recover, the amount so recovered be offset by the rental value of the house during the time the plaintiff occupied it, together with the amount of money so loaned.

By supplemental petition, plaintiff admits that he occupied the house for the period of time therein set forth; that the real agreement between the parties was that plaintiff should have the use of the house and premises, in consideration of the services of plaintiff and his wife in taking care of the said Dunnagan, but that the contract was not in writing and not enforceable in law, but that there was an agreement between plaintiff and J. T. Dunnagan to the effect that plaintiff was to be fully compensated for the services rendered and to be rendered to the deceased. He denies that he was to pay any

rent or that he owed the deceased at the time of his death any borrowed money.

The case was tried to a jury, and submitted upon special issues; the findings being, in substance, as follows:

(1) That plaintiff, Lackey, did not agree with the deceased, Dunnagan, that plaintiff should move into the furnished house, furnish all the supplies, and perform all the services performed, under an agreement to receive as consideration therefor only the rent of the rooms and their furnishings.

(2) That the reasonable value of the services performed, and supplies furnished by plaintiff, over and above the reasonable value of the rental of the house and the services rendered, is $1,320.

(3) That deceased had advanced plaintiff $360, which had been repaid by plaintiff.

In accordance with the verdict, judgment was rendered against the appellant, as administrator, for the sum of $1,320, and it was decreed that the judgment be certified to the probate court of Wichita county for observance, and for payment in the due course of administration.

[1] During the trial, the witnesses were placed under the rule; amongst them being A. A. Dunnagan, the brother of the administrator. The appellant moved the court to excuse this witness from the effect of the rule, and to permit him to be present during the trial. This motion was overruled. Enforcement of the rule in such cases is a matter entirely within the judicial discretion of the court, and, unless it clearly appears that the discretion has been abused, the trial judge's action will not be revised. It is not shown that any injury resulted to appellant by reason of the court's action in overruling the motion.

[2, 3] The next contention is that the court erred in permitting the appellee, Lackey, and his wife to testify as to conversations and transactions between them and the decedent. A review of the bills of exception upon which this contention is based shows that under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690 (R. C. S. 1925, art. 3716), the appellee and his wife were disqualified as witnesses, and the testimony set out in the bills of exception should have been excluded. The error, however, is harmless, since it was shown by the witness Williams, when he consulted J. T. Dunnagan with reference to installing gas fixtures in his house, that Dunnagan said:

"Well, I would love to have the gas, but you will have to see Mr. Lackey; he is the man who will have to put it in because this property will some day belong to him. I have made arrangements with him. I made arrangements with Mr. Lackey and his good wife to take care of me, because I am an old man and am not able to take care of myself, and I have no one else in the house with me."

This testimony is admissible, and is sufficient to sustain the verdict and judgment upon the theory that the appellees were there under some kind of an arrangement with the deceased, in virtue of which he expected to compensate them. Numerous witnesses testified to the very same facts incorporated in the bills of exception, showing the extent and value of the services rendered the decedent by plaintiff and his wife. This testimony was admissible and was not objected to.

[4] The appellant further complains that the judgment in appellee's favor, awarding him compensation at the rate of $100 a month, is excessive, for the reason that the jury ignored the counterclaim for rent and money loaned. No issue presenting the items claimed by the appellant in his cross-action was submitted by the court, nor was any such issue requested by the appellant. No objection was urged to the charge because of the court's failure to submit such issue, and we must presume, in support of the judgment, that the appellant either waived the items pleaded as a set-off, or that the court found against him.

We find no reversible error, and the judgment is affirmed.