## SOUTHLAND GREYHOUND LINES, Inc., v. MATTHEWS.
### No. 2430.

Court of Civil Appeals of Texas. Beaumont.
July 16, 1934.

Rehearing Denied Oct. 10, 1934.

Barnes & Barnes, of Beaumont, for appellant.

K. W. Stephenson and H. M. Kinard, both of Orange, for appellee.

COMBS, Justice.

Appellee was plaintiff and appellant defendant in the court below and we will thus designate the parties.

This suit was brought by plaintiff for damages to his person and to his automobile proximately resulting from a collision between his automobile and one of defendant's passenger busses. The collision occurred on the Old Spanish Trail, a paved highway, about eight miles west of Orange, Tex., on the evening of February 29, 1932, while plaintiff, Anthony Matthews, and his nephew, Isaiah Jacquot, were riding in plaintiff's automobile, the nephew driving, going from Orange to Beaumont. The bus was traveling toward Orange. The jury convicted defendant of actionable negligence at the time and place of the collision on the following issues: (a) The operator of the bus failed to keep a proper lookout for persons or cars driving upon the highway; (b) immediately preceding the collision "the defendant's bus in question failed to travel upon the right hand side of such highway"; (c) the bus was being operated at a rate of speed in excess of 15 miles per hour "at the time the same attempted to pass the car in which plaintiff was riding"; (d) taking into consideration all the facts and circumstances in evidence, the bus was being operated at a rate of speed so excessive as to endanger "the life of plaintiff or the lives of persons traveling upon said highway"; (e) the operator of the bus "failed to keep and hold the same under control." Other findings by the jury acquitted plaintiff of contributory negligence on the issues submitted; and the jury found further that the collision was not the result of an unavoidable accident. The jury awarded plaintiff actual damages in the sum of $15,000 and exemplary damages in the sum of $5,000, for which sums judgment was duly entered in plaintiff's favor. Defendant has duly prosecuted its appeal to this court.

On the facts of this case we sustain defendant's proposition that it was not liable to plaintiff for exemplary damages. The facts take this case out of any rule recognized by the Texas courts which allows recovery of exemplary damages against a corporation. These facts are: Defendant's liability is predicated upon the negligence of the bus driver, and the bus driver was not charged with or convicted of the breach of any nondelegable duty owed by the defendant. And there was no evidence that the bus driver had authority to "hire" or to "fire" or to make rules for the operation of the bus, or that he was in general charge of that department of defendant's business in which he was employed. Therefore, he was not a vice principal or the alter ego of the defendant, but merely a servant or ordinary employee. There was no evidence that the bus driver was an inefficient servant, or that the defendant was guilty of negligence in any respect in retaining him in its employment, or that the defendant ordered or directed the driver to perform any of the acts of negligence found against him by the jury, or that it ratified such acts of negligence.

The question of exemplary damages has recently been reviewed, substantially in all its essential elements by Mr. Chief Justice Cureton, speaking for our Supreme Court, in the following cases: Fort Worth Elevators Co. v. Russell, 70 S.W.(2d) 397, 406; Morton Salt Co. v. Wells, 70 S.W.(2d) 409; Southwestern Gas & Electric Co. v. Stanley, 70 S.W.(2d) 413.

In the Fort Worth Elevators Company Case, Judge Cureton, after reviewing a number of Texas cases, thus states the rule: "The Texas rule, reduced to its simplest terms, and applied to a case of gross neglect, means that the default for which punitive damages may be recovered must be that of the corporation, that the grossly negligent act must be the very act of the corporation itself; or, if the act is that of a mere servant or employee as such, then it must have been previously authorized or subsequently must be approved by the corporation. * * * The rule deducible, it seems to us, from the Texas authorities, is that exemplary damages are not recoverable against a corporation where the grossly negligent act involves only a breach of duty by a mere servant or employee as such, unless the act was previously authorized or was subsequently approved by the corporation."

On the facts of this case the conclusion necessarily follows that under the rule above quoted the defendant was not liable for exemplary damages for the gross negligence of the bus driver. The acts of negligence involved "only a breach of duty by a mere servant or employee as such." They were not the "very act of the corporation itself" because not committed by a corporate officer, vice principal, or alter ego of the defendant, nor with respect to any nondelegable duty. Nor were the acts of gross negligence made the act of the corporation either by previous authorization or by subsequent ratification of them. Nor is the defendant chargeable therewith upon the principle of having negligently retained in its employment the negligent employee.

In the cited cases Judge Cureton discussed every essential element of the question now before us, and it would be presumptuous for us to attempt here to add anything to what

he said in those cases. We have no doubt that under the rule there announced and discussed plaintiff's right of recovery against defendant is limited to compensatory damages. It follows that in so far as the judgment of the trial court awards plaintiff exemplary damages, the judgment is reversed and judgment here rendered for defendant.

■■ Defendant assigns as error a remark of the trial court made in the presence of the jury during the progress of the trial, in connection with a ruling excluding certain evidence. The assignment is based on certain proceedings which occurred while the plaintiff, a negro, was on the witness stand and being cross-examined by defendant's counsel. We quote from the statement of facts:

"Q. On June 3rd, 1932, you said you would be willing for us to take you to a doctor and have an examination made of you, didn't you? A. No sir.

"Q. You didn't answer that question at that time, 'Yes sir'? A. I did, but not about this matter.

"(Defendant offers in evidence the question on pages 11 and 12, line 28, of the testimony taken on June 3rd, 1932 of this witness, which is as follows:

" 'Q. Anthony, would you be willing for me to take you to a doctor for an examination today? Your answer was, Yes sir.'

"Plaintiff objects for the reason that it is not a proper subject for impeachment of the witness, and is wholly immaterial and irrelevant. Objection sustained. To which defendant excepts for the reason that it is offered for the purpose of impeaching the witness and for the purpose of disclosing the facts, and to show that the witness is not willing to disclose the facts in the case. Objection overruled. By the Court: 'You did not make that statement for any purpose except to prejudice the jury against this negro.' Defendant excepted.)"

We sustain defendant's proposition that the remark by the court, "You did not make that statement for any purpose except to prejudice the jury against this negro," constituted reversible error. It is the general rule in this state that the trial court in ruling on the admissibility of evidence cannot make "any remark or comment as of criticism of a party or his counsel for offering evidence which the court excludes." Speer's Law of Special Issues in Texas, p. 488. The remarks of the court complained of fall within the condemnation of the rule thus announced by Judge Speer. In 38 Cyc. 1316, the following rule is announced: "During the trial, the judge should refrain from making any unnecessary comments which might tend to a result prejudicial to a litigant, and when calculated to influence the minds of the jury, such remarks constitute ground for reversal."

Again, 38 Cyc. 1322 says: "Remarks of the trial judge showing bias in favor of one of the parties constitute prejudicial error. So it is ordinarily held to be reversible error for him to make remarks which will tend to excite prejudice or hostility in the minds of the jury toward one of the parties and sympathy for the other, and it has been held in a number of cases that the error is not cured by directing the jury to disregard the remarks."

Our holding that the remarks of the trial judge constituted reversible error is supported by the following Texas cases: Texas Employers' Ins. Ass'n v. Adcock (Tex. Civ. App.) 27 S.W.(2d) 363; Texas & Louisiana Lumber Co. v. Rose (Tex. Civ. App.) 103 S. W. 444; Commercial Standard Ins. Co. v. Walls (Tex. Civ. App.) 56 S.W.(2d) 244; S. Slightburne & Co. v. First National Bank (Tex. Civ. App.) 232 S. W. 343; St. Louis, B. & M. Railway Co. v. Green (Tex. Civ. App.) 183 S. W. 829.

■ Plaintiff advances the following points in answer to defendant's proposition of reversible error on the issue just discussed: (1) "No bill of exception was prepared and filed for the purpose of complaining of the remark of the trial court." Under article 2237, Vernon's Annotated Texas Civil Statutes, as amended in 1931 [Vernon's Ann. Civ. St. art. 2237, subd. 2a], a formal bill of exception was not necessary to preserve this point; it was sufficiently preserved by the statement of facts. (2) Plaintiff makes the point that "there was nothing in the record to show that the remark complained of was made or, if made, that it was heard by the jury," citing Williams v. Brice (Tex. Civ. App.) 108 S. W. 183. The record affirmatively answers these contentions. Thus it appears from the statement of facts that the trial judge made the remark and that it was made in the presence of the jury. (3) It is contended that it is not clear from the record that appellant excepted to the remark, and that the record "is silent as to the ground of the objection or the action which the defendant desired the court to take in reference thereto." The point that appellant did not except to the remark cannot be sustained; the record is to the contrary. True, the grounds of the objection were not stated. The general rule is that a party waives the right to complain of a remark made by the court during the progress of the trial when no exception

is reserved to the remark or when in making the exception the complaining party fails to state the grounds of the exception. Valdez v. O'Connor et al. (Tex. Civ. App.) 17 S.W.(2d) 835. But that rule does not apply where the remark is fundamentally erroneous and carries on its face its own condemnation. (4) The additional point is urged that defendant did not ask the court to withdraw the remark and declare a mistrial. Generally, injurious remarks by the trial judge should be subject to the same rule as improper argument by counsel. Thus, when the remark is of such a nature that its injurious effect cannot be removed by the judge withdrawing it or by instructing the jury not to consider it, motions to that effect are not required. In our judgment the remark complained of falls within this rule. It was not necessary for defendant to ask the court to declare a mistrial in order to preserve its exceptions to remarks of the character under discussion. Such a motion is not necessary to save the point against prejudicial argument fundamentally erroneous. (5) We also overrule the point that the assignment of error and proposition complaining of the remark of the court are too general. They satisfactorily present the point urged by the defendant.

We have given careful consideration to defendant's proposition that the evidence does not support the verdict of the jury, convicting it of negligence in the respect stated above, and in acquitting appellee of contributory negligence on the issues submitted. As the judgment of the lower court must be reversed and the cause remanded for the reasons just stated, no useful purpose would be served by reviewing the evidence. We merely say that we have examined the evidence carefully and are satisfied that the verdict of the jury on these issues has support.

The argument of plaintiff's counsel complained of by assignments and propositions will doubtless not be repeated on another trial, and it is not necessary to discuss the assignments relating to it.

■■■ G. B. Hammon was defendant's claim agent and assisted defendant's counsel in preparing this case for trial and was present at the beginning of the trial for that purpose. He was the only employee of defendant in attendance on court, prepared to render defendant's counsel any assistance. The rule was invoked in the beginning of the trial and on motion of plaintiff Mr. Hammon was excluded from the courtroom. Defendant complains of this ruling, but fails to show that it suffered any prejudice or injury thereby. Enforcement of the rule rests largely within the judicial discretion of the trial judge, and his act in excluding a party from the courtroom is not subject to review in the absence of an affirmative showing of injury by the complaining party. Dunnagan v. Lackey (Tex. Civ. App.) 283 S. W. 927; Beaumont & G. N. R. R. v. Elliott (Tex. Civ. App.) 148 S. W. 1125.

Since it appears as a matter of law that in driving the car plaintiff and his nephew were engaged in a joint enterprise, the court did not err in refusing to submit that issue to the jury.

There is no merit in the exceptions reserved to the trial court's definition of new and independent cause. The same definition of new and independent cause was given in this case as in McDaniel Bros. v. Wilson (Tex. Civ. App.) 70 S.W.(2d) 618, 623; and the same exceptions were reserved as in that case. We merely refer to the fifteenth and sixteenth points in the Wilson Case in support of the conclusion that defendant's assignments against the definition are without merit.

Defendant complains of the refusal of the court to submit numerous issues of contributory negligence on the part of plaintiff, which had support in the evidence. Plaintiff has properly presented various objections to the consideration of these assignments. We merely refer to these points so that all issues of contributory negligence raised by the evidence may be submitted on another trial.

■ Defendant has incorporated in the transcript 55 pages, comprising what purports to be certain argument of plaintiff's counsel, certified to as correct by the court reporter. This matter is not part of any bill of exception and forms no part of the record in this case. It was improperly included in the transcript, and the costs incident to its inclusion therein will be taxed against the defendant. See Tucker Produce Co. v. Stringer (Tex. Civ. App.) 146 S. W. 1001.

It follows from what we have said that the judgment of the trial court should be reversed and rendered on the issue of exemplary damages, and that the judgment awarding compensatory damages should be reversed and the case remanded for a new trial, and it is so ordered.

Reversed and rendered in part, and in part reversed and remanded.