## SAVAGE v. DRESSELL.
### No. 12996.

Court of Civil Appeals of Texas. Dallas.

Oct. 19, 1940.

Rehearing Denied Nov. 16, 1940.

J. P. Miller and Alto B. Cervin, both of Dallas, for appellant.

Thomas B. Ridgell, of Dallas, for appellee.

YOUNG, Justice.

Mrs. Vera Dressell, as plaintiff in the trial court, obtained judgment against the estate of J. W. Camplin, for services rendered during the lifetime of decedent, from which W. T. Savage, the administrator, has appealed. As a basis for her suit, Mrs. Dressell alleged the presentment of sworn account to said administrator, its rejection by him, and subsequent refusal by the Probate Court. This verified demand, attached as an exhibit to plaintiff's petition and in evidence on the jury trial, recited that claim was made against the estate named on account of nursing and as housekeeper for J. W. Camplin, from December 22, 1936, to date of death on October 10, 1938; at $100 per month to December 22, 1937, and at $60 per month thereafter. Somewhat in detail, the account stated the nature of the services performed and the justice thereof, in that, about the earlier date, Mr. Camplin became crippled and bedridden, was confined to his home, where claimant resided, in extending all required services; that said claim was unpaid, was reasonable and just, and sought allowance and approval thereof. Plaintiff then filed suit on her claim, embodying therein the same facts as to the character and extent of the aforesaid labors rendered on behalf of decedent; alleging that J. W. Camplin had agreed and promised to pay plaintiff the sum of $100 per month for twelve months, at which time the wage was reduced to $60, continuing at the latter rate until her employer's death; that the total amount was $1,776, which was due, just, and unpaid, after all legal offsets, payments and credits had been allowed. Further allegations were, that her services as nurse were reasonable and necessary, praying for judgment in full against the estate.

Aside from a plea in abatement, not pertinent here, only a general exception was leveled to plaintiff's petition, which was overruled; followed by general denial and particular facts in the nature of an offset. It is clear from all the evidence that plaintiff rendered certain services to the inva-

lid, Mr. Camplin, and took care of him during the time specified, the administrator contending that Mrs. Dressell was to be paid therefor, not in money, as alleged, but merely in room and board for herself and child, which consideration she had already received. The jury found under the issues submitted that no express contract existed between the parties for remuneration on the basis of either $100 or $60 per month, but that reasonable compensation for the services performed for deceased was $73.43 per month, over a period of twenty-one months, which sum total, less credits not in dispute, constitutes the court's judgment of $1,310.24, here under review.

Appellant presents two major law points for our consideration: (1) That issue No. 8, under which the jury found that plaintiff was entitled to reasonable compensation, fixing the amount, was not supported by the pleadings, which declared upon an express agreement alone; in other words, that such petition was entirely insufficient to raise the issue of an implied contract to pay for the services rendered, or to form the basis of a quantum meruit recovery. (2) That plaintiff, on redirect examination by her counsel, gave testimony touching transactions with the deceased, over defendant's objection, thus directly infringing the terms of the Death Statute, Vernon's Ann.Civ.St. art. 3716. On the other hand, appellee asserts that the averments of her petition, founded upon the rejected claim, were adequate and sufficient support for the jury finding on quantum meruit. Appellee's further counter propositions contend, regarding her testimony under Art. 3716, that said statute was waived by defendant's first going into transactions with the deceased in cross-examination of plaintiff; or, if in error as to this, that the reasonable value of plaintiff's services, under issue No. 8, was sufficiently supported by other competent testimony.

■ Plaintiff's sworn claim, previously disallowed by the statutory officials, became the foundation of her cause of action in the district court. It was attached to the petition as an exhibit, and can be looked to in aid of the nature and import of the allegations there made. 33 Tex.Jur., Pleading, Sec. 16, p. 428. Taken together, we believe these instruments comprehend the elements of an implied agreement to pay for services knowingly rendered, and are sufficient predicate for the issue inquiring the reasonable value thereof. In considering the sufficiency of such pleading and exhibit against a general demurrer only, every reasonable intendment should be indulged; and while plaintiff's statement of her contract implied by law might lack considerably of the allegations that a careful pleader would employ, such want of particularity could have been reached by special exception; Colbert v. Dallas Joint Stock Land Bank, 129 Tex. 235, 102 S.W.2d 1031; Greene v. Condor Petroleum Co., Tex.Com. App., 140 S.W.2d 844.

■ We turn to appellant's further contention that the provisions of Art. 3716 were violated by appellee; and the answer thereto, that the statute was waived perforce of the various questions asked plaintiff by counsel for the estate, touching transactions with the deceased. On direct examination of Mrs. Dressell, testifying in her own behalf, such matters were carefully avoided. However, on cross-examination, she was interrogated by the defense on many matters, some of which undoubtedly constituted transactions within the meaning of the statute. These cross-inquiries, for instance, brought forth testimony from the "opposite party" of frequently cashing the old gentleman's checks for household expenses; that Mr. Camplin told her she owed no rent for occupying his home; and that deceased, at the hospital, had called for a notary to sign everything over to her. On redirect examination of the lady by her counsel, the questions and answers were as to various household duties performed by her for the deceased, and to a conversation wherein Mr. Camplin had fixed her compensation, first at $100 per month and later, when he improved in health, at the lesser rate. The testimony just referred to was particularly objected to by appellant, and the terms of the statute invoked. We do not deem it necessary to decide whether the exploration by both parties into transactions with the deceased removed the bar of the statute, or whether plaintiff's redirect examination was subject to the objections made. The jury found against plaintiff on issues involving an express contract; i. e., that Mr. Camplin did not promise to pay her any stipulated wage. No definite salary agreement having been found by the jury to exist and testimony from disinterested witnesses being sufficient on plaintiff's claim of implied contract, the particular conversations with deceased, even if erroneously admitted, must be considered harmless. Dunnagan v. Lackey, Tex.Civ.

App., 283 S.W. 927. In fact, the entire record supports no other theory than that Mrs. Dressell's services for and on behalf of decedent during his extended illness were on a compensatory basis; and the evidence, generally, is adequate to raise the issue of the reasonable value thereof. Hence, appellant's assignments and propositions must be overruled, and the judgment in question affirmed.

Affirmed.