## N. M. DRYE v. THE STATE.

### No. 1335.  Decided January 11, 1899.

**1.  Juror—Formed Opinion.**

On a trial for a violation of local option, jurors are disqualified who have a formed and fixed opinion of defendant's guilt from having heard the principal State's witness testify to defendant's guilt in another similar prosecution of another party involving the same facts.

**2.  Same.**

A juror is disqualified who has heard the principal State's witness testify to facts in another prosecution which directly and positively established defendant's guilt in this prosecution, and who states that he believes what the said witness testified to in the other case is true.

APPEAL from the County Court of Grayson.  Tried below before Hon. J. H. WOOD, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $50, and twenty days imprisonment in the county jail.

No statement necessary.

No brief on file for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50, and confinement in the county jail for twenty days; hence this appeal.

He challenged eight of the jurors upon the ground that they had such an established opinion as to his guilt or innocence as would debar them from being fair and impartial.  Of the eight jurors, two, to wit, Davis and Everhart, had heard the prosecuting witness, Medford, testify in the case of State against Hunter, in which he stated that the appellant had sold whisky to him at Van Alstyne in violation of the local option law.  These two jurors further stated that from this testimony they had formed an opinion in regard to the guilt or innocence of appellant; that that opinion was fixed, and they believed what the said witness, Medford, testified to be true, and that it would take evidence to remove said opinion; and that they then entertained that opinion, and, unless it was removed by evidence, they would render a verdict in accordance therewith.  The juror Autry said that he had also been on the jury for the week, and there were quite a number of cases of violations of the local option law arising at Van Alstyne disposed of, and that Medford was the prosecuting witness in these cases, and, from what he had heard during said trials, he had a fixed opinion as to the guilt or innocence of the defendant, but could not say that it would influence him in finding a verdict.  The remaining five jurors testified they had heard what the jurors Davis and Everhart had said as to the testimony of Medford, and they believed, from what the two jurors stated, that

Medford had not only testified that appellant sold the whisky, but they believed it to be true that he did so sell, and they, also, had formed an opinion. The cause for challenge was overruled, and appellant peremptorily challenged the jurors Helvey, Everhart, and Hardaway; and the State challenged peremptorily the jurors Atkins and Elliott. The court, qualifying the bill, among other things states: "That the jurors said that they had not formed such an opinion as to the guilt or innocence of the defendant as would influence them in finding a verdict. That some of them had not even heard the evidence. That defendant's counsel then stated to the jurors that Medford would be the prosecuting witness in this case, and had been a witness in quite a number of similar cases during the week, in which convictions had been obtained, and asked them if they did not believe what said Medford said was the truth; also, that Medford testified, in the trial of another case, that he bought whisky from the defendant, and, if he had said so, would the jurors believe him? They each answered they would." He further states that two of the jurors said they had heard Medford say in the trial of another case that he had bought intoxicating liquors from the defendant, and that they believed that Medford told the truth; but they all said they could lay aside any impression so made upon their minds, and try the case impartially. It would seem from this statement that the jurors Davis and Everhart, and perhaps Autry, had heard Medford testify with reference to the sale of intoxicating liquors by appellant to Medford. It is true that Medford was not testifying in appellant's case at the time. He was then a witness against Hunter. The facts further show that the witness Medford was employed by the sheriff of Grayson County to work up violations of the local option law at Van Alstyne and elsewhere, and he seems to have been a very effective detective, and the main witness in these prosecutions. It is further shown by the bill that on his testimony convictions were obtained. In the Hunter case he had testified positively to the fact that he had purchased whisky from appellant. Now, if appellant had been on trial instead of Hunter, there would have been no question of the fact that the jurors who heard him testify would have been disqualified, because they would have been jurors in appellant's case, and heard the very testimony upon which the State was seeking the conviction; and this record discloses that it was upon the testimony of this witness Medford that this conviction was obtained. Now, we are unable to see any real practical difference in the effect it would produce upon the juror's mind, whether the witness swore in appellant's own case as to his guilt, or to the same facts in another case; the jurors having heard the testimony of said witness. Where the conclusion of defendant's guilt is arrived at in the juror's mind from newspaper accounts, hearsay, rumors, or other sources of that character, the juror may reach a conclusion which upon being acquainted with the real facts might be removed. It is true, there is a possibility that a *conviction* established in the mind of the juror might be overcome, even where he had heard the testimony in the particular case, but that is

rather a speculative possibility. In Shannon v. State, 34 Texas Criminal Reports, 5, this view of the statute was first criticised. It was there held that, "Our construction of the statute is that where the opinion is formed in this manner (that is, from hearing the facts of the case testified to), the examination of the juror must cease. He is incompetent." This case has been followed by Obenchain v. State, 35 Texas Criminal Reports, 490; Gilmore v. State, 37 Texas Criminal Reports, 81.

The jurors Davis and Autrey both sat upon the jury which rendered a verdict of guilty. Appellant used every exertion within his power to rid himself of these obnoxious jurors. He interposed a challenge for cause, and, when this was overruled, exhausted his peremptory challenges. It does not occur to us that the jury in this case was of that character guarantied to the accused in criminal trials. Under the Constitution and laws of this State, fairness and impartiality are prerequisite qualifications in jurors who are called upon to try a citizen accused of crime, and no juror can in truth be said to be fair and impartial when this idea has been transgressed in impaneling such juror. If it be conceded that the jurors, except Davis, had formed a conclusion from hearsay, yet Davis testified positively to having heard the testimony of the witness Medford in regard to appellant having violated the law; and he was the main, if not the only, witness upon whom the State relied, and that juror's conclusion was formed from hearing said evidence. But, under the peculiar facts stated, we are also of opinion that the other jurors who stated that they believed the truth of the statement of Medford disqualified themselves, and the cause for challenge should have been sustained as to them; but there is no question as to the juror Davis. The judgment is acordingly reversed, and the cause remanded.

*Reversed and remanded.*