## JOHN GOBLE v. THE STATE.

### No. 2176. Decided February 13, 1901.

**1. Jurors and Jury Law—Qualification.**

Jurors who have heard the testimony of witnesses in a companion case involving the same transaction, and who, from such testimony, have formed fixed opinions as to defendant's guilt in the case on trial, are disqualified and incompetent.

**2. Local Option—Evidence—Orders of Commissioners Court—Variance.**

On trial for violating local option, when the orders of the commissioners court were objected to on account of variance between them and the allegations in the indictment, and because they were also variant from the petition for the election as to the description of the territory; Held, the variances being immaterial, it was not error to admit the evidence.

**3. Same—Copy from Revenue Collector's Books.**

On a trial for violating local option, it is not permissible for a witness, except the revenue collector, to make a copy from his books and testify as to such copy. Either the collector's books or a certified copy of the books made by the collector or his deputy, duly authenticated, is admissible as evidence of the contents of said books.

APPEAL from the County Court of Erath. Tried below before Hon. L. N. FRANK, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The variances complained of between the orders of the commissioners court and the allegations in the indictment and the petition for the election, as to the boundaries of the proposed local option territory, were as follows:

The call in the indictment, orders, and petition is as follows: "Thence north with the west line of the Greenbury Logan to the northwest corner of same."

The corresponding call in the order declaring the result of the election is: "Thence north with the west line of the Greenbury Logan to the northwest of same."

The call in the petition for election is as follows: "Thence north 60 W. with the north line of said Reil," etc.

The corresponding call in the indictment is: "Thence north 60 E. with the north line of said Reil," etc.

The calls in the petition and the order granting same and ordering the election is as follows: "Thence N. across the Stephens Churchill to the N. line of said survey."

The corresponding calls in the indictment and in the order declaring the result of the election are as follows: "Thence across to the Stephens Churchill to the N. line of said survey."

The calls in the indictment, the order of the court declaring the result of the election and the petition therefor, are as follows: "Thence E. with N. line of said Logan and with the N. line of John *James.*"

The corresponding calls in the order of the court granting the petition are as follows: "Thence E. with the N. line of said Logan and with the N. line of John *Jones.*"

No further statement necessary.

*Daniel & Keith,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

Bill of exceptions number 1 shows: "That while the jury was being impaneled to try this cause, and while the jurors were being examined as to their qualifications to try this cause, counsel for defendant propounded to the following named jurors, each, the following questions, to wit, McCall, Key, Boynton, Barham, and Allen: (1) 'Have you formed any opinion as to whether defendant has revenue license to sell intoxicating liquors in Bluffdale, in this county?' To which each of the jurors answered, 'Yes.' (2) 'Was that opinion formed from having heard the testimony of the witnesses in another case against defendant while he was being tried on a similar charge to that he is now being tried on?' And each of the said jurors answered, 'Yes.' (3) 'If you should be taken as a juror to try defendant, would you go into the jury box with that belief?' And each of the jurors answered, 'Yes.' (4) 'Would it require any evidence to be introduced to cause you to believe that defendant had a revenue license to sell intoxicating liquor at Bluffdale, and that revenue license was dated about December 1,

1899?' And each of said jurors answered, 'No.' (5) 'You would go into the jury box with a fixed opinion and belief that defendant had such revenue license?' Each of said jurors answered, 'Yes.' (6) 'You heard the testimony of witnesses in another case against defendant, as to whether he was engaged in the unlawful sale of intoxicating liquors in Bluffdale, did you not?' And each of said jurors answered, 'Yes.' (7) 'From having heard the testimony of witnesses, have you formed an opinion as to whether defendant was engaged in the unlawful sale of intoxicating liquor in Bluffdale in December, 1899, and extending in point of time into the year of 1900?' Each of said jurors answered, 'Yes.' (8) 'Would it require any evidence to cause you to believe that defendant was engaged in the unlawful sale of intoxicating liquor at Bluffdale in December, 1899, and extending over into the year 1900?' Each of said jurors answered, 'No.' (9) 'You would believe these facts if no witness should testify to them, would you not?' Each of the jurors answered, 'Yes.' " That defendant challenged each of said jurors for cause, because they had fixed opinions that defendant was guilty, and also that no proof was necessary as to the main features of the case, having heard the witnesses testify in another case against defendant involving the same evidence and charge. The court overruled the objections, and after exhausting his peremptory challenges he was compelled to accept three of said objectionable jurors, to wit, Allen, Boynton, and Barham, and they sat as jurors in this case. The court appends this explanation to the bill: "That, after defendant asked the above questions, jurors were asked by State if such opinion would in any way influence their action in finding a verdict, and they answered, 'No,' and that they would not regard any of the facts above, and only such as might be proven." We think the court erred in forcing these jurors upon appellant. Where a juror answers that he has formed an opinion from evidence of witnesses in a companion case, the transaction being the same, the examination should cease, and the juror, being incompetent, should be discharged. Shannon v. State, 34 Texas Crim. Rep., 5; Obenchain v. State, 35 Texas Crim. Rep., 490. See also Shaw v. State, 27 Texas, 750; Sessions v. State, 37 Texas Crim. Rep., 59. It appears from this bill that the jurors had a fixed opinion as to the guilt of appellant in this case, formed from having heard the testimony in a companion case. They further stated that it would not require witnesses to prove certain facts necessary to incriminate appellant, as they had already formed conclusions in that regard against appellant. Defendant is entitled to a trial by a fair and impartial jury, under the Constitution and laws of this State. Clearly, where they have heard testimony in another trial, and formed an opinion as to the guilt of defendant in this, they are not competent jurors.

Bill number 3 complains that, over the objections of appellant, the State offered in evidence the orders of the commissioners court to support the allegations in the indictment, to which appellant objected because of variance between it and the allegations in the indictment, and

because of the variance between the description of the subdivision in the order of the court and the subdivision in the petition for the election, and the order declaring the result of the election, and the order granting the petition in the territory described in the petition. All these questions were passed upon in cause No. 2175—Goble v. State (just decided), 60 Southwestern Reporter, 966. We there held it was not erroneous, since the variances were immaterial.

Bill number 4 complains that the court permitted G. S. Slover to testify for the State that he had been to Dallas, and had seen the internal revenue collector's books, and that said books show that defendant procured a revenue license dated about the 6th day of December, 1899, and extending over a period of several months; that he (witness) made a memorandum of what the books showed; and that he (witness) entered it in his book. Defendant objected to said witness testifying to these facts, because he was not testifying to the correctness of an examined copy of the records of the internal revenue collector's office, but a memorandum made by the witness himself, and because neither the revenue collector, nor anyone for him, is shown to have made any copy of the page of the records kept by said collector, and because it is not shown that the collector, or anyone for him, has certified to the correctness of the record, and because it is not shown that the collector, or anyone for him, was present when witness made the memorandum. The court explains this bill as follows: "When the witness was testifying, he held a memorandum book in his hands and looked at it, and was asked if he was testifying from memory or the book. He said he was testifying from memory." The explanation makes the testimony doubly inadmissible. It is not permissible for a witness (except the revenue collector) to make a copy of the books and testify from the copy, and it would certainly not be permissible for witness to testify from memory or copy made by witness. We held in Gersteman v. State, 35 Texas Criminal Reports, 318, that a certified copy of the revenue collector's book, showing that accused had a revenue license covering certain dates and places, was admissible in evidence in a prosecution for violating the local option law; but it is not permissible for parties not connected with the office of the revenue collector to testify to the substance of said books, or to testify to the substance of copies made by them of said books. In other words, the only evidence admissible is, either the collector's books, or a certified copy of said books made by the collector or a deputy, duly authenticated. The court should not have admitted this testimony.

We have reviewed the remaining assignments of error, and do not think any of them are well taken. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*