## Frank Ross v. The State.

### No. 4034.  Decided March 11, 1908.

**1.—Local Option—Evidence—Unconnected Incident.**

Upon trial for a violation of the local option law, testimony of defendant's witnesses on cross-examination by the State that they each had kept some whisky in a club-room, and that it had been siezed by the officers, was inadmissible.

**2.—Same—Jury and Jury Law—Challenge for Cause.**

Where upon trial for a violation of the local option law, the record showed that some of the jurors who sat upon defendant's case sat upon a former case in which he had been convicted and which practically involved the same facts as the case for which defendant was being tried, and that others who sat upon the case had heard the evidence in said former trial, and the challenge for cause on this ground was overruled and defendant exhausted his peremptory challenges. Held reversible error, although the jurors answered upon their voir dire that while they had a fixed opinion from the testimony they had heard as to the guilt or innocence of defendant, they could nevertheless give defendant a fair trial.

Appeal from the County Court of Montague.  Tried below before the Hon. George S. March.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*Jas. A. Graham,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for violating the local option law.

Many of the questions in this case have been decided adversely to appellant during this term of the court, and, therefore, will not be revised.

The witnesses Leonard and Pryor were introduced by the appellant. On their cross-examination, the State was permitted to prove by them that they each kept some whisky in a room or place at Bowie in Montague County, which the State's counsel termed in his question, a club-room, prior to the time said room was closed under a search warrant and the contents thereof taken by the sheriff. The same objections were urged in the companion case, No. 4036, Frank Ross v. State, decided Dallas Term, and for the reasons there given we think this was error. Upon another trial, evidence of this character should not be permitted.

A bill of exceptions, which is supported by the facts incorporated in the record, shows that appellant was required to go to trial before a jury selected from the panel he moved to quash. Insistence is made, that the jury was prejudicial to the rights of defendant, in that the

evidence showed six of the jurors in the panel had just tried him in another cause, in which he testified to his innocence, while the prosecuting witness in the case testified that he (appellant) was guilty, and the other six jurors in said panel had heard the evidence in the other case, and had reached the conclusion as to the guilt or innocence of defendant, and as this case would rest as to the question of guilt or innocence alone upon the testimony of the prosecuting witness and the defendant, that the jurors in the panel were necessarily disqualified. Appellant was compelled to go to trial before a jury selected from said panel. He exhausted his three peremptory challenges on three of the jurors who had convicted him in the other case, and three jurors who had convicted him in the other case were members of this jury that tried him. The agreed facts show that six of said panel sat in cause No. 5999. This cause is No. 6000—defendant being the accused in both cases in which he was prosecuted for having sold intoxicating liquor to the same person on the same day that he was charged with in this case. It was further agreed, that the two complaints and informations were identical; that is, the one in No. 5999 was identical with that in No. 6000. That the jurors were interrogated in support of this motion to quash. That the entire panel having been interrogated in support of his motion first stated that they had no bias in favor or prejudice against the accused in this case such as would influence them in reaching their verdict; that they did not, from hearsay or otherwise, know anything about the merits of this case. On further cross-examination by appellant, he having stated to the entire panel the issues in this case would be identical with the former case, that would be submitted to them for disposition and on same evidence as introduced by the State—one of the jurors who rendered his verdict in the former case disqualified himself because his mind was made up and he was excused. Each of the six jurors who did not sit on the former case answered that they had heard the evidence introduced in that case, and from that evidence had formed a fixed opinion as to the merits of the controversy in that case. Two of them were also disqualified and were excused because of said opinion. These jurors were then picked up in lieu of those excused. Under this evidence the court having overruled appellant's motion and forced him to trial before said jury, he exhausted his three peremptory challenges by scratching three jurors who had sat in the first case, and the remaining two jurors who sat in the former case, together with three jurors who had heard evidence in said case were selected to and did try him in this case. The judge puts his qualification to this bill, as follows: "After defendant's counsel had stated to the jury that the testimony in this case would be the same as the testimony in cause No. 5999, it further shows that the same defendant was charged with selling liquors to the same party, in the same county; and it appeared to the court, after asking the remaining nine members of the jury the statutory questions touching their qualification, that they were in no way disqualified. I

overruled defendant's motion to quash." This case comes strictly within the rule laid down in Goble's case, 42 Texas Crim. Rep., 501; 60 S. W. Rep., 968. In fact, the Goble case is directly in point as is Drye v. State, 40 Texas Crim. Rep., 125. See also Gilmore v. State, 37 Texas Crim. Rep., 81, and Keaton v. State, 40 Texas Crim. Rep., 139; Holmes v. State, 52 Texas Crim. Rep., 353; 106 S. W. Rep., 1160.

It is shown by bill of exceptions that these jurors had a fixed opinion, having heard the testimony in the companion case. When the jurors made this answer, it precluded further investigation. The statute has made some difference as to whether the opinion was formed on newspaper accounts, hearsay, rumors, etc., and where the opinion is formed after hearing the facts of the case, either from witnesses out of court or on the witness stand. In the latter case, where the juror answers he has a fixed opinion, the juror is not competent and should be discharged or excused for cause. Under such circumstances the accused is not required to call upon his peremptory challenges to get rid of such jurors. It would seem to be clear that wherever a juror is partial to such an extent that he has got a conclusion established in his mind as to the guilt or innocence of the accused party he should not be permitted to sit in the case. The Constitution guarantees a fair trial by an impartial jury. In this case the jurors answered they heard the testimony in the previous case and had a fixed opinion. Every one of them should have been excused. The authorities above cited fully sustain this proposition and some of them are directly in point even to the extent of holding that where the facts are similar in the two cases, but not the same case, the juror is incompetent. In the Gilmore case, supra, the head note of the case states fairly the result of the opinion, as follows: "On a trial for a violation of local option, where the jurors on their voir dire stated that they sat upon the jury in a similar case the day before and heard the principal State's witness in the case, who is the prosecutor in this, testify, and from his testimony, they believed defendant was guilty of selling liquors to the prosecutor in this case; and defendant's challenge for cause being overruled, he exhausted his peremptory challenges upon some of said jurors, and the others sat upon the trial. Held: The jurors were all disqualified, and it was error to overrule the challenge for cause."

In Drye v. State, supra, the head note may be quoted: "On a trial for a violation of local option, jurors are disqualified who have a formed and fixed opinion of defendant's guilt from having heard the principal State's witness testify to defendant's guilt in another similar prosecution of another party involving the same facts."

In the Goble case the jurors answered they had formed an opinion from having heard the testimony of the witnesses in another case against defendant where he was being tried on a similar charge to that on which he was then being tried. The court qualified that bill, as they usually do in such cases, by stating: "That, after defendant asked the above questions, jurors were asked by State if such opinion would

in any way influence their action in finding a verdict, and they answered, 'No,' and that they would not regard any of the facts above, and only such as might be proven." "We think the court erred in forcing these jurors upon appellant. Where a juror answers that he has formed an opinion from evidence of witnesses in a companion case, the transaction being the same, the examination should cease, and the juror, being incompetent, should be discharged. Defendant is entitled to a trial by a fair and impartial jury, under the Constitution and laws of this State. Clearly, where they have heard testimony in another trial, and formed an opinion as to the guilt of defendant in this, they are not competent jurors."

We believe the court should have sustained appellant's exceptions to the jurors, that they were not competent. He is entitled to have a fair trial by impartial jurors and not by those who formed and have fixed an opinion, although they say they can disregard such fixed opinion and try the case by the facts; and especially is this true where the jurors have heard the testimony upon which they predicate that opinion. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*