## SAM DARNABY V. THE STATE.

No. 11092.   Delivered November 30, 1927.

Rehearing denied January 11, 1928.

**1.—Possessing Equipment, Etc.—Voir Dire Examination of Jury—Question Properly Excluded.**

Where, on his trial for possessing equipment for the manufacture of intoxicating liquor, there was no error in refusing to permit appellant on

his voir dire examination to ask each juror if he had such prejudice against liquor, or against a man who would take a drink of liquor, as would prejudice them against a man on trial for violating the liquor law, although *it would have been proper to permit an inquiry as to their having any prejudice against liquor or against violations of the liquor laws.*

### 2.—Same—Continued.

The examination of jurors on their voir dire is largely within the discretion of the trial judge. We have much doubt as to the propriety of the question as propounded and must resolve that doubt in favor of the correctness of the trial court's action. In view of the infliction of the minimum punishment, no injury is shown. See Merkel v. State, 171 S. W. 740; Kincaid v. State, 103 Tex. Crim. Rep. 485, and other cases cited.

### 3.—Same—Evidence—Wife as Witness—Cross-Examination—Proper.

Where appellant introduced his wife as a witness in his behalf, who testified as to an alibi, there was no error in permitting the state to cross-examine her as to her testimony given, such examination being within the well known rule which permits a wife to be cross-examined upon all matters shedding light on or germane to her testimony in chief. See Harris v. State, 93 Tex. Crim. Rep. 544, and other cases cited.

#### ON REHEARING.

### 4.—Same—Wife as Witness—Cross-Examination—Harmless Error.

Where appellant's wife had been introduced as a witness in his behalf, it was error to permit the state on cross-examination to examine her in regard to a letter written by her to appellant. This letter was a privileged communication, and was not usable by the state, for the purpose of impeaching the wife, but was not of such a prejudicial character as will justify a reversal of the judgment. See Art. 714, C. C. P.; Hearne v. State, 50 Tex. Crim. Rep. 431, and other cases cited on rehearing.

Appeal from the District Court of Clay County. Tried below before the Hon. Vincent Stine, Judge.

Appeal from a conviction for possessing equipment for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Parker & Parker,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing equipment for the manufacture of intoxicating liquor, punishment one year in the penitentiary.

This record contains two bills of exception. The first shows that appellant asked the entire jury panel if they had such prejudice against liquor or a man who would take a drink of liquor as would prejudice them against a man who was on trial

for a violation of the liquor law. The state's objection to this was sustained. In the qualification to this bill the learned trial judge states that the panel had already been asked if they had any prejudice in a liquor case, and all had answered that they had none. Further in the qualification it is stated that there was no evidence from any witness on the trial that appellant or anyone else ever took a drink of liquor. It is also further stated in said qualification that the court understood counsel for the state was only objecting to that part of the above question which sought information upon the point as to whether the jury had such prejudice against a man who would take a drink of liquor as might prejudice them against a man on trial for a violation of the liquor law, which part of said question the court deemed immaterial. The trial judge further certifies in this connection that he would have permitted counsel for appellant to ask members of the panel any question as to their having prejudice against liquor or against violations of the liquor laws.

We have held that the examination of jurors upon their voir dire is largely within the discretion of the trial judge. Merkel v. State, 171 S. W. 740; Collins v. State, 178 S. W. 345. We have much doubt as to the propriety of the question asked in its form as presented and would resolve that doubt in favor of the correctness of the trial court's action. Kincaid v. State, 103 Tex. Crim. Rep. 485. Nor do we see, in view of the fact that there was no testimony introduced showing that appellant or anyone else took a drink of liquor, just how refusal to permit said question could have resulted in any harm to appellant. We might further observe that the fact that the jury gave to appellant the lowest penalty in a case in which the testimony is reasonably plain, would seem to negative any proposition of prejudice.

The remaining bill of exceptions sets out in question and answer form (so ordered by the trial court) a lengthy cross-examination of appellant's wife, which he contends was violative of the rule forbidding the use of the wife's testimony against her husband. She was introduced by appellant in his behalf and testified on direct examination to a substantial alibi for him, stating that they lived at Nocona, and that on the night preceding his arrest—and every night previous to that time— he was at home, and that every day he was at work in the oil field, but had been laid off for cement testing on the day of his arrest. This testimony had special materiality in a case like this. Appellant and his brother were found near a still which was in operation. The posse approaching the still saw a man named Rogers riding rapidly to where the still was afterward found.

As the officers approached this party was talking with appellant and his brother, who were a few yards distant from the still. As the officers came nearer, this man got on his horse and moved away rapidly. The still was hot and the fire under it appeared to have just been put out, apparently with water. There were twenty-six barrels of mash, a tent, bedding and clothes at the still. In a coat or other garment in the tent was found a letter addressed to appellant, the contents of which formed the basis for the cross-examination here complained of. Appellant denied any knowledge of or connection with the still, but said that he and his brother had gone from Nocona that morning to Wichita Falls with a friend and that the friend started from Wichita Falls to Petrolia, and on the way appellant and his brother alighted from the car at a creek, and were going down the creek hunting when they were approached by a man who told them that hunting was forbidden in the pasture in which they were, and while they were talking to this man officers approached and arrested appellant and his brother. Appellant denied that he and his brother gave their names to the officers as Jones. He said that he did not know there was a still anywhere in the vicinity. While appellant's wife was being cross-examined she was asked relative to certain expressions in the letter referred to, the state seeking by said expressions to show that she had not been recently living with appellant and that they were separated. We regard the cross-examination as pertinent and as being within the well known rule which permits a wife who has been introduced as a witness for her husband to be cross-examined upon all matters shedding light on or germane to her testimony in chief. Harris v. State, 93 Tex. Crim. Rep. 544; Soderman v. State, 97 Tex. Crim. Rep. 23; Gaunce v. State, 97 Tex. Crim. Rep. 365; Moehler v. State, 98 Tex. Crim. Rep. 238. If appellant had been at work every day in the oil field, and at home with his wife in Nocona, in Montague County, every night for three weeks before his arrest at a still in Clay County, such testimony would seem to render improbable the conclusion that he could have had in his possession and under his control and management a still and the twenty-six barrels of mash, etc., found at the place of his arrest. Such testimony would have strongly tended to support his testimony that he had no connection with the still when arrested and no knowledge of its presence. Appellant's arrest was about the middle of April, 1926. The letter was dated March 20th of the same year, and the cross-examination complained of went no further than

as bearing upon the question as to whether the wife's statements in the letter could legitimately be construed as showing that she and her husband were not living together.

The facts in the case seem amply sufficient to support the conclusion of guilt.

Being unable to agree with appellant's contentions, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We think the question raised by appellant's first bill of exception to have been properly disposed of and a further discussion of it is not necessary.

The other bill of exception reveals the following facts: During the cross-examination of appellant's wife the District Attorney asked her if she and appellant were not separated. In view of her testimony on direct examination the above question is not deemed to have been improper. Upon receiving a negative answer the District Attorney over objection handed the witness a letter which she identified as having been written by her to appellant, and after the witness read the letter he again asked her if she and her husband were not separated, to which witness again replied in the negative. The District Attorney then asked, "When you wrote 'Well, Sam, I do hate to come back to Glen Rose and live in that cabin, but if I can't do any better won't say anything,' do you mean to say you had not left him?" The witness replied, "No, sir, I had not. He took me to my mother's to visit her, and we had been living in this cabin in the park and I didn't want to live in that cabin. I had begged him to work in the fields." Witness then denied that she and her husband had had trouble, and the District Attorney, referring to some portion of the letter—which portion is not shown in the bill—asked what she meant by that, to which witness replied that they had been on a hunting trip and that she had fallen and gotten hurt. The letter was not introduced in evidence and none of the contents went to the jury except that contained in the quotation above set out.

Upon further consideration we have determined that the letter in question was a privileged communication and was not usable by the state for the purpose of impeaching the wife. (Art. 714, C. C. P. 1925) ; Hearne v. State, 50 Tex. Crim. Rep. 431, 97 S. W. 1050; Gross v. State, 61 Tex. Crim. Rep. 176, 135 S. W. 373; Adams v. State, 94 Tex. Crim. Rep. 542, 252 S. W. 537. While this is true, the error complained of does not appear

to have been prejudicial to appellant such as was manifest in the Adams case, last cited. There was nothing in the expression from the letter embraced in the District Attorney's question which to our minds indicated that witness had separated from appellant or that was inconsistent with her explanation about it, or with her evidence giv,en on the trial. While the use of the letter was improper, we cannot bring ourselves to believe that it was of such prejudicial character as will justify a reversal of the judgment; hence, appellant's motion for rehearing will be overruled.

                                                  *Overruled.*