### SCRUGGS et al. v. DEAN.
### No. 1150.

Court of Civil Appeals of Texas. Waco.

Jan. 28, 1932.

Rehearing Denied March 3, 1932.

Leachman & Gardere and Guy Carter, all of Dallas, for appellants.

R. G. Smith, of Dallas, for appellee.

BARCUS, J.

This suit was instituted by appellee against appellants to recover damages which he claims to have suffered by reason of alleged fraud perpetrated on him by appellants at the time he purchased from them a second-hand Packard automobile. Appellee alleged that he purchased said car from appellants for $1,650; that as part of the purchase price he executed his notes for $1,000; that he had paid all of said notes except a balance due on the last note of $250; that at the time he purchased the car appellants represented to him that the car had been owned by only one person; that it had not been run more than seven or eight months; and that it had only been run fifty-four hundred miles, and that it was in good mechanical condition. Appellee alleged that said statements were false and fraudulent, and were willfully made by appellants to induce him to buy said car; that as a matter of fact said car had been used about two and one-half years, and had been owned by two different parties, and had been driven thirty or forty thousand miles, and had been rebuilt, and was not in good mechanical condition. He alleged that he relied on the statements made by appellants as to the age, use, and condition of said car at the time he purchased same. He alleged that the car was not worth more than $800 at the time he purchased same in the condition that it was then in, and that the consideration he paid for the car had failed to the extent of $850. He prayed for judgment for said amount, asking that the $250 which he still owed be allowed as an offset on the amount that he might recover.

Appellants, in addition to the general denial, alleged that appellee was estopped from recovering any damage because the contract of purchase and sale between them and appellee was in writing and contained the following stipulations: "The above herein specified used car is purchased without a guarantee unless otherwise stated herein and all liability on our part ceases upon delivery of the car; all promises, understandings, agreements or representations of any kind pertaining to this purchase not specified herein are hereby expressly waived."

In response to special issues, the jury found that appellee was induced to sign the contract of purchase by material false representations made to him by appellants, and that appellee relied on said representations, and was ignorant of the falsity thereof. The jury further found that the consideration which appellee had agreed to pay for said car had failed to the extent of $400. Based on said findings, the trial court entered judgment cancelling the $250 note which appellee owed on the car and gave him judgment for $150.

Appellants contend that the trial court erroneously refused to instruct the jury to return a verdict in their favor, and that it was error for the court to submit to the jury the issue as to whether appellee was induced to sign the contract by any false statements made by appellants, on the theory that the above written stipulations contained in the contract as a matter of law estopped and prohibited appellee from recovering any damage he may have suffered by reason of any false or fraudulent representations made to him by them at the time of and in connection with the purchase of said car. We overrule this contention. The law is well settled that a person cannot by fraud contract against his own fraud. If the alleged contract was obtained by appellants through fraud, same is not binding upon appellee. Appellee having charged specifically that the whole contract was the result of and induced by actual fraud perpetrated upon him by appellants, it became, under the evidence, an issuable fact. Appellants do not contend that the jury's finding is not amply supported by the testimony. Appellants did not controvert the testimony of appellee that appellants' salesman told him that the car had been used only seven or eight months and had been driven only fifty-four hundred miles and had not been rebuilt, and was in good mechanical order, and had only been used by one former party. The evidence further shows without dispute that the car was more than two years old; had been owned by two different parties; had been driven more than seven thousand miles by the first owner and more than sixty-five hundred miles by the second owner; and had been rebuilt.

Appellants further contend that the court's charge is erroneous because it did not give the proper measure of damage, and did not correctly define "failure of consideration." Appellants did not tender any different measure of damage to the court for submission nor any other definition of failure of consideration. Our courts have many times held that a general objection such as appellants presented in this case is not a sufficient compliance with the requirements of article 2185, Revised Statutes, and that same amounts to no objection. Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662, 664; Pecos & N. T. Ry. Co. v. Grundy (Tex. Civ. App.) 171 S. W. 318; El Paso Electric Co. v. Collins (Tex. Com. App.) 25 S.W.(2d) 807; Chase Bag Co. v. Longoria (Tex. Civ. App.) 45 S.W.(2d) 242, and authorities there cited. In Monzingo v. Jones, supra, the court stated: "The court defined negligence as 'want of ordinary care.' This definition was excepted to merely on the ground that 'it does not properly define

the term "negligence." ' This exception failed to call the trial court's attention to the omission in the charge and was, therefore, too general."

Appellants do not contend that the trial court did not give a definition of "failure of consideration" or that it did not give the jury a guide by which it could determine the amount of appellee's damages. Their contention is that, as applied to the case at bar, the court did not give the correct definition of failure of consideration nor the correct measure of damage. There is, of course, a wide difference between an objection that the court has not given any definition of a legal term or has not given any instruction on the measure of damage, and an objection that the one given is not correct. If appellants desired a more favorable definition or a more favorable rule as to the measure of damage, it was their duty under the statute to tender same to the trial court for submission.

We have examined each of appellants' assignments of error and propositions, and same are overruled. The judgment of the trial court is affirmed.