## GUILLOT v. HALMAN et al.

### No. 13294.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 10, 1936.

W. F. Bane, of Dallas, for appellant.

C. T. Gettys, of Decatur, for appellee.

MARTIN, Justice.

Appellee, Mrs. Vera Halman, joined by her husband, J. J. Halman, filed her origi-nal petition May 16, 1933, against Aug. S. Guillot and Grady New, alleging: That she was the owner of nine shares of the $6 preferred stock of Texas Power & Light Company, which at that time was worth on the market $90 per share. That the defendant Aug. S. Guillot was engaged in the business of buying, selling, and ex-changing corporate stocks under the name of Aug. S. Guillot & Co. and that the de-fendant Grady New and one Culver were agents and representatives of said Aug. S. Guillot and made sales and exchanges of corporate stocks for their principal. That shortly before August 1, 1932, Grady New approached appellees and proposed to trade for their nine shares of Texas Power & Light Company stock, offering to give in exchange therefor nine shares of the cor-porate stock of the Ford Motor Company A. G. of Germany, and, in order to induce appellees to consent to such exchange, rep-resented to them that he and his princi-pal had sold some shares of Texas Pow-er & Light Company stock and had to ac-quire some shares of it to put in on their contract of sale, and for that purpose de-sired to acquire the nine shares that ap-pellees owned, and that, by reason of their need of such shares for that purpose, they could give appellees a very advantageous bargain by giving her other shares of stock of greater value. That said Grady New stated and represented to appellees that he and his principal had some shares of stock issued by the said Ford Motor Company A. G. of Germany that were $100 per share, meaning and intending to convey to appel-lees that the par amount of said shares was $100 each, and also represented that same was the market value of said stock, stating that said stock had held its value in the market and in fact was going up, and that the stock that appellees had was in fact going down in the market, and hence that it would be profitable transaction to appellees to make an exchange of her stock for nine shares of the Ford stock. That thereafter, on or about August 1, 1932, Grady New and Culver again came to ap-pellees, proposing and seeking an exchange of appellees' stock for the nine shares of the Ford Motor Company stock, and, in or-der to induce appellees to consent to such exchange, repeated the statements and rep-resentations above given. That appellees were farmers with no experience in or knowledge of corporate stocks or the val-ues thereof in the market, and that they

believed and relied on the representations and statements made by New and Culver, and appellees were induced thereby to and did exchange their stock for nine shares of stock of the Ford Motor Company A. G. of Germany.

Appellees further alleged:· That they had since learned that all the above-mentioned representations so made to them were not true, but were false and untrue when made. That the stock certificates received by them from the appellant were written in the German language with which appellees were not familiar, and that they had the number 100 printed thereon, indicating a denomination in that number. And in one place such certificates mentioned "100 Reichsmark." That such language and terms were wholly unintelligible to appellees but were well known to appellant. That in truth and in fact said shares were not $100 shares and had neither a par nor market value in that amount and never had such value. That in fact such shares were represented in par amount 100 Reichsmark, which was the equivalent of about $23 American money, all of which was unknown to appellees as appellant well knew. That in truth and in fact the market value of said Ford Motor Company stock was and is much less and in fact was at said time not more than $5 per share, and as a result thereof appellees were cheated out of their stock and sustained actual damages in the sum of $765.

Appellees alleged: That appellant well knew that they were wholly ignorant in respect to every fact concerning the stock of the Ford Motor Company A. G. of Germany, and that by telling them that each share of said stock or the amount thereof was $100 per share they could be led to believe that such was the par value thereof and with that in view made such statements and representations concerning said stock, intending thereby to deceive appellees and did deceive them into believing same to be facts regarding such stock. That the defendant New and Culver professed to be familiar with the market for such stock and the value thereof and deceived appellees into believing that the Ford stock they were offering in exchange was being sold on the market for $100 per share; that it was worth that much on the market; that it was more valuable than the Texas Power & Light Company stock that appellees had—all of which was untrue but believed and relied on by

appellees, and they were induced to exchange their stock resulting in their damage as hereinbefore shown. Appellees prayed for damages in the sum of $765, interest, and costs.

Appellant filed his original answer on the 27th day of May, 1933. The case was tried to a jury on the 17th day of January, 1935, and on the same date the jury returned into court their verdict and special findings of fact which were received by the court and ordered filed.

Appellees' motion for judgment on the verdict of the jury came on for hearing on the 21st day of January, 1935, and the court on said date rendered its judgment in favor of appellees and against Aug. S. Guillot and Grady New, jointly and severally, for the sum of $681.60, with interest thereon from said date at the rate of 6 per cent. and for all costs of suit.

Appellant filed his original motion for new·trial on the 22d day of January, 1935, and on the 1st day of March, 1935, filed his amended motion for a new trial, which amended motion came on for hearing on the 1st day of March, 1935, and was by the court in all things. overruled, from which order of the court appellant in open court excepted and gave notice of appeal, filed his appeal bond, and the cause is now before this court for review and correction.

The judgment of the trial court is attacked upon four assignments of error, each complaining of the court's charge. The main contention is that the court submitted and adopted an improper measure of damages in that the measure submitted and adopted in the judgment was the difference in the market value of the stock exchanged, at the time it was exchanged, rather than the difference between its then value and the value it was represented to have as set forth in article 4004, Rev.Civ. Statutes of 1925, concerning actionable fraud. The objections to the charge, as made in the court below, were very general in their nature, merely stating that the court's charge submitted an "improper measure of damages," and did not in any way point out wherein it was improper or call the court's attention to the proper measure under the statute. Neither did he tender a requested proper issue on the subject. We are inclined to agree with the reasoning of Judge Funderburk, of the Eastland Court of Civil Appeals, in the case of Abilene & Southern Ry. Co. v.

Herman, 47 S.W.(2d) 915, that such an objection is insufficient. We cite also Scruggs v. Dean (Tex.Civ.App.) 47 S.W. (2d) 378, wherein it is held that such objection is insufficient when no proper charge is requested.

The language of the court in Chase Bag Co. v. Longoria (Tex.Civ.App.) 45 S.W. (2d) 242, 244, pertinently states our views in this regard: "Appellant's only objection to such issue was that it presented an improper measure of damages. The purpose of the statute (Rev.St.1925, art. 2185) which requires the court to prepare his charge and submit the same to counsel for both parties for inspection and criticism is plain. Such purpose is that court and counsel should thus join in a frank and sincere effort to secure a proper submission of the case. Walker v. Haley, 110 Tex. 50, 51, 214 S.W. 295. To effect such purpose counsel's objections to the charge should be specific, constructive, and helpful. They should be in such form as to enable the court to readily understand their scope and meaning, and to enable him, if necessary, to modify his charge in the light thereof."

Then, if we consider together special issues 2 and 6a, we find that the proper measure of damages was in fact submitted. The fact that the court, in its judgment, adopted the improper measure, resulted in an award of a substantially less sum against the defendant than the plaintiff would have recovered under the statute, and this is another cogent reason why the defendant should not be heard to complain in this respect. Such assignments relating to the measure of damages are overruled.

Complaint is made in assignment No. 4 that the court in submitting the question of agency (issue No. 12) submitted a mixed question of law and fact. The assignment is not supported by the objection to the court's charge as contained in the transcript, which is for the "reason that it submits to the jury for their consideration a question of law and not of fact." No attempt was made to show the trial court wherein it was improper and no issue on the subject was submitted. No mention was made of its being a "mixed question of law and fact" to the trial court.

For these reasons, under the authorities cited and many others, this assignment is also overruled, and the judgment of the trial court is affirmed.