**WISE et al. v. CITY OF ABILENE.**

No. 2017.

Court of Civil Appeals of Texas. Eastland.

May 17, 1940.

Rehearing Denied June 14, 1940.

Ben L. Cox and Louis S. Wise, both of Abilene, for appellants.

Will Hair, Scarborough & Ely, and E. M. Overshiner, all of Abilene, for appellee.

GRISSOM, Justice.

The City of Abilene instituted this suit against John C. and Louis S. Wise, for the purpose of condemning 9.95 acres of land out of a 479-acre tract owned by defendants, for the purpose of extending its airport grounds. The value of the land condemned and damage to the remainder of the tract were the questions involved. The verdict fixed the value of the land taken at $400 and damage to the remainder of the tract at $938. From a judgment in accordance with the verdict, defendants have appealed.

Appellants' assignments of error Numbers 12 to 15, inclusive, are directed at the action of the court in permitting plaintiff's counsel, over defendants' objection, to ask the jury panel on voir dire examination as to whether any member had served as a juror or commissioner in the condemnation of land owned by defendants in the cases of (1) Western Union Co. v. John C. and Louis S. Wise; Lytle Water Co. v. John C. and Louis S. Wise; (3) Taylor Co. v. John C. and Louis S. Wise and Willis Norwood; and (4) Texas & Pacific Ry. Co. v. John C. and Louis S. Wise. Since each of said assignments and the bills of exception in support thereof are substantially the same, we shall specifically discuss only the first case mentioned above and the bill of exception tendered in support thereof, since it is illustrative of all the others.

Plaintiff's counsel was permitted to ask the jury panel whether or not any of them had served as a juror or commissioner in the matter of Western Union Co. v. John C. and Louis S. Wise, in the condemnation of certain lands owned by the defendants, in another proceeding. Defendants objected to said interrogation on the ground that said other proceeding was wholly immaterial and irrelevant, was between different parties and involved different lands, and that said interrogation was prejudicial and hurtful to the defendants and was resorted to by plaintiff's counsel for the purpose of attempting to prejudice the jury against defendants by causing the jury to believe that defendants were contentious and selfish and that said interrogation did not serve any useful purpose, because if any juror served as such juror or commissioner it would not be a disqualification to serve in the instant case. The court overruled said objections and permitted counsel to so interrogate the jury.

Defendants' bill of exception presenting the matter, as heretofore stated, was approved by the judge with the following qualification: "that the cause referred to * * * was a condemnation proceeding involving the valuation of and damages to some of the land which the defendants claimed was damaged by the improvements involved in this proceeding. The question propounded was allowed for the purpose stated by counsel of enabling counsel for the city to exercise their peremptory challenges." The bills relative to the other proceedings were qualified as shown above, except the bill in the Lytle Water Co. proceeding recited: "the cause referred to * * was a condemnation proceeding involving the valuation of and damages to some of the land which the defendants claimed was damaged by the improvements involved in this proceeding." Relative to the condemnation suit by Tay-

lor Co., the qualification of the bill recited: "the defendants were parties to the cause mentioned in the above and foregoing bill and that the litigation referred to arose from the taking of a strip of land for highway purposes out of a tract situated comparatively near the land involved in this proceeding and near enough to have a reasonable relationship as to the fixing of a valuation." And, in the Railway case, "the defendants by their pleadings herein had claimed damages to a tract of land adjoining the airport and which they claimed resulted from the uses to which the airport would be devoted and thereby directly putting in issue the value of said adjacent property. The other cause referred to in the above and foregoing bill likewise involved a controversy with the defendants as to a valuation of a part of said adjacent property." The qualification to each bill showed the question was permitted to enable plaintiff to exercise its peremptory challenges. The bills were accepted as so qualified, and defendants are bound by the qualifications.

Article 2134, R.S.1925, provides, in part: "The following persons shall be disqualified to serve as jurors in any particular case: * * * 5. Any person who has sat as a petit juror in a former trial of the same, or of another case, involving the same questions of fact."

"As a rule * * * where the two cases arise out of the same transaction and involve the same issues or are to be determined upon the same evidence, the juror is incompetent; and, if practically the same question is to be decided again, it is immaterial whether or not the parties are identical, or whether the same or other and additional witnesses are to be examined. So also, if during the continuance of a case any of the jurors are impaneled and return a verdict in another case in which the same issues are involved, they are not competent to proceed with the trial of the first case." 35 C.J. 325, sec. 343.

"The purpose of the inquiry is to elicit facts that will enable counsel to exercise the right of peremptory challenge in an intelligent manner as well as to ascertain that jurors possess the legal qualifications and are not, by bias or otherwise, disqualified to try the particular case. * * * The right is to be liberally construed and some latitude should be allowed, it being a proper consideration whether the injustice of a verdict rendered by a jury one or more of whom are prejudiced will not outweigh any harm that may ensue from permitting the question.

" 'As a general rule great latitude should be allowed a party interrogating a venire in order to enable his counsel to determine the desirability of exercising on the members thereof his right of peremptory challenge, and this court does not look with, favor on any unreasonable limitation of this right.' " 26 Tex.Jur. 644, 645, sec. 81.

"Since the right of examination is predicated on the obtaining of information with a view to using peremptory challenges, it follows that the examiner is not confined to questions which might lead to disqualifying answers. Indeed, since the motive for using a peremptory challenge may not be inquired into, neither may the purpose of the particular question be asked of counsel. And so long as it appears that the question may lead to an answer useful to be considered when exercising the peremptory challenges, the approved practice is to allow the question. This course gives counsel considerable latitude, but that is what the law intends." 26 Tex.Jur. 647, sec. 83.

"A judgment will not be reversed for an erroneous ruling on the conduct or scope of the voir dire unless the right of examination has been substantially denied or unless it affirmatively appears that the complaining party has thereby suffered injury." 26 Tex.Jur. 661, sec. 96.

■ Since the bills of exception tendered in support of said assignments, as qualified by the trial court and accepted by the defendants, show that the other condemnation proceedings inquired about involved "the valuation of and damage to some of the land which the defendants claimed was damaged by the improvements involved in this proceeding", or involved the valuation of and damage to adjacent tracts of land owned by defendants; and since the determination of the value of and damage to defendants' same, or adjacent, land, constituted the purpose of this suit it is at least not clearly shown that Subd. 5, of Art. 2134, is inapplicable. But, whether a member of this jury panel, who had served either as a commissioner or juror in a condemnation proceeding involving the questions of the value of and damage to a part of the same or an adjacent tract of land owned by the defendants was disqualified as a juror under Art. 2134 or not it was certainly a matter

of material inquiry whether they had so served in such prior proceedings. If one of said jury panel had answered that he had sat as a juror, or served as a commissioner, in one of said prior proceedings, if such answer had not shown his disqualification under Art. 2134, as a matter of law, a question not here necessary to determine, then certainly it would have been proper to further inquire as to whether or not from such experience the prospective juror had an opinion as to the value of the property in question in this proceeding, etc. If such prior service did not disclose the juror's absolute disqualification then it became material, in that the court might, in his discretion, excuse the juror, or the plaintiff might peremptorily challenge him. The record does not disclose error under the recognized authorities relevant to the question. Houston & T. C. Ry. Co. v. Terrell, 69 Tex. 650, 7 S.W. 670; Galveston, H. & S. A. R. Co. v. Contois, Tex.Civ. App., 279 S.W. 929, 935; Lassiter v. Bouche, Tex.Civ.App., 41 S.W.2d 88, 90; 26 Tex.Jur. 645; Goble v. State, 42 Tex. Cr.R. 501, 60 S.W. 968; Garcia v. State, Tex.Cr.App., 63 S.W. 309; Ross v. State, 53 Tex.Cr.R. 162, 109 S.W. 153; Reich v. State, 94 Tex.Cr.R. 449, 251 S.W. 1072; Plair v. State, 102 Tex.Cr.R. 628, 279 S.W. 267; Darnaby v. State, 108 Tex.Cr.R. 408, 1 S.W.2d 615; Missouri, K. & T. Ry. Co. of Texas v. Rogers, Tex.Cix.App., 141 S.W. 1011; Art. 2144, R.S.1925.

The rule was invoked excluding witnesses from the court room. At plaintiff's request, the court, over defendants' objection, excused the witness Derryberry from the rule and permitted him to remain in the court room and testify. Defendants objected to such action of the court because Derryberry was not an official of the city, but an employee only, being its airport superintendent. Defendants say that the Mayor and some of the City Commissioners were present and permitted to remain in the court room. The bill was accepted by defendants with the qualification "that only one of the city commissioners was present in court for any length of time and that none of them took any part in the trial of the cause as a witness or otherwise and that the Mayor, Will Hair, is and was a practicing lawyer and one of the attorneys of record for the city, and with the further qualification that the witness, Derryberry, was allowed to remain in court at plaintiff's suggestion

as a technical advisor and representative with respect to the management and operation of the airport and character and degree of use proposed to be made of the land condemned by the city, it being shown that said Derryberry was in charge of said airport and was himself a licensed pilot familiar with the subject-matter of the lawsuit."

In 44 Tex.Jur. 1088, the rule is announced that " * * * the propriety of exempting certain classes of witnesses from the operation of the order * . * * is one that rests largely in the discretion of the trial judge, whose action will not be disturbed on appeal, unless an abuse resulting in injury to the complaining party is shown."

■ The bill, as qualified, does not show an abuse of discretion, nor is it shown that injury to defendants resulted. Gulf C. & S. F. Ry. Co. v. Bruce, Tex.Civ.App., 24 S.W. 927; Southland Greyhound Lines, Inc. v. Matthews, Tex.Civ.App., 74 S.W.2d 713, 716; Beaumont & G. N. Ry. Co. v. Elliott, Tex.Civ.App., 148 S.W. 1125; Dunnagan v. Lackey, Tex.Civ.App., 283 S.W. 927, 928; Texas Indemnity Ins. Co. v. Hubbard, Tex.Civ.App., 138 S.W.2d 626, 628; 5 C.J.S., Appeal and Error, § 1610, 510; 64 C.J. 119.

■ Complaint is made of the action of the court in permitting the introduction of a photograph of the municipal airport in Detroit. It was objected to on the ground that it was immaterial and irrelevant, and because there was no evidence by the "photographer that he took it correctly." The witness, Hon. Hudson Smart, testified he formerly was an aviator and flew in and out of this airport for a long time. He testified that it was a true and correct picture of the Detroit field; that the picture reflects the true condition on the ground. We think the evidence was not subject to the objection made. It was evidently introduced for the purpose of refuting defendants' testimony that the use of the land taken as an airport would prevent the use of the remainder of the tract, not taken for airport purposes, for residential purposes.

■ Several of defendants' witnesses were asked what, in their opinion, was the value of the land in question. Defendants objected "because the question asked by counsel and the answer of the witness does not constitute the proper test." De-

fendants say that the correct measure of damages, relative to the land taken, is the market value of said land at the time it was condemned, not at the time of trial.

So far as we have been able to discover, the only time the objection that the value was to be determined as of the date of condemnation and not at the time of the trial, was clearly and specifically made, its correctness was recognized and the inquiry promptly directed to the date of condemnation.

"Objections should be specific and not general and should be addressed to admissibility, not to sufficiency or effect, of the evidence. 'A party objecting to evidence ought to state his objection clearly and specifically, so that it may be understood by the court, and met and obviated by the opposing party if it be capable of being removed by the production of other evidence.' It is not fair to allow general or dragnet objections at the trial and then to specify on review specific grounds formulated from the whole record, which were not thought of at the trial. 'Covert obscure objections should receive no countenance,' though an objection suffices if it apprises the court of the grounds relied on, even though it might be more specific." 41 Tex.Jur. p. 908.

See, also, District and County Court Rule 58, and Art. 2237, R.S.1925, Vernon's Ann.Civ.St. art. 2237.

It is not contended that there is any evidence of, or that there was in fact, a change in market value between the date of condemnation and the date of the trial. The assignments presenting said question are overruled.

■ Defendants' eleventh assignment of error is directed at the action of the court in permitting the introduction of defendants' tax rendition of the land in controversy. Hon. Louis Wise had testified as to the value of the property, and upon cross-examination his rendition was admissible as a declaration against interest. Boyer & Lucas v. St. Louis, S. F. Ry. Co., 97 Tex. 107, 110, 76 S.W. 441; Aue v. State, Tex.Civ.App., 77 S.W.2d 606, 608, writ refused. It was admissible "as a circumstance tending to show the value of the property." Burton Lumber Corp. v. City of Houston, 45 Tex.Civ.App. 363, 101 S.W. 822, 827, writ refused. See also, State v. Doom, Tex.Civ.App.; 278 S.W. 255; Dickens County v. Dobbins, Tex.

Civ.App., 95 S.W.2d 153; 17 A.L.R. 178; Ft. Worth & D. S. P. Ry. v. Gilmore, Tex. Civ.App., 13 S.W.2d 416, 417.

Special issue No. 1 submitted to the jury was "From a preponderance of the evidence, what do you find was the market value of the two tracts of land totaling 9.95 acres condemned by the City of Abilene for airport purposes at the time it was condemned, considered by itself as severed land?" Defendants excepted thereto as follows: "The defendants except to the last clause of Special Issue No. 1, wherein the court instructs the jury in substance that the 9.95 acres of land condemned by the City is to be considered by the jury by itself as severed land. These defendants say that said instruction is on the weight of the evidence; that it is prejudicial and hurtful to the defendants, and same does not properly present the law with reference to said issue."

The exception was overruled, and that action of the court constitutes the basis of defendants' first assignment of error and three propositions thereunder. Special issue No. 1 was in the form suggested by the Supreme Court in State v. Carpenter, 126 Tex. 604, 618, 89 S.W.2d 194.

Plaintiff objects to our consideration of defendants' first assignment and propositions thereunder, among other things, because the objections to special issue No. 1, as shown by appellants' bill of exception, and as shown above, were too general to point out to the trial court any defect in the charge.

In Isbell v. Lennox, 116 Tex. 522, 525, 295 S.W. 920, 921, the Court of Civil Appeals, 224 S.W. 524, had refused to consider an assignment of error complaining of the court's charge because the appellant's objection did not point out the error complained of. The Supreme Court approved such action, saying: "This statute was designed to correct a very important handicap or evil in the trial of cases. Its purpose in requiring the parties or their attorneys to present to the court their objections to the charge clearly is that the party objecting must apprise the court of the error in his charge with a view to its correction."

In Ford Motor Co. v. Maddin, 124 Tex. 131, 143, 76 S.W.2d 474, 479, our Supreme Court said:

"To come within the rule entitling a party to raise the point on appeal, the ob-

jection should point out. specifically wherein the charge is claimed to be erroneous. * * *

"In Isbell v. Lennox * * * the court said the purpose of the statute is to require parties to present their objections to the charge clearly and apprise the court of the error in his charge with a view to its correction; the objection must be more than a mere statement that he objects— it must point out the error complained of. See, also, Walker v. Haley, 110 Tex. 50, 214 S.W. 295.

"An objection that a definition is 'not full enough and omits some of the essentials of a correct definition' is too general; similarly an objection that charges are leading, suggestive, and on the weight of evidence is insufficient when it does not point out the particulars in which they are objectionable, nor can an objection that merely excepts to a portion of the charge without indicating in any way the vice thereof be availed of. 3 Tex.Jur. p. 212."

The objections made were that the last clause of special issue No. 1, to-wit, "considered by itself as severed land" was (1) "on the weight of the evidence", (2) "prejudicial and hurtful to the defendants", and (3) "does not properly present the law with reference to said issue."

■ (1) An objection that an issue is on the weight of the evidence, without specifically pointing out wherein it is on the weight of the evidence has been many times held to be insufficient "to raise the point on appeal". Ford Motor Co. v. Maddin, supra; Chicago, R. I. & G. Ry. Co. v. Comstock, Tex.Civ.App., 189 S.W. 109, 110, writ refused; Maryland Cas. Co. v. Bryant, Tex.Civ.App., 84 S.W.2d 492, 494, writ dismissed; Southwestern Bell Tel. Co. v. Ferris, Tex.Civ.App., 89 S.W.2d 229, 232, writ dismissed; Austin Street Ry. Co. v. Oldham, Tex.Civ.App., 109 S. W.2d 235, writ refused; Texas & N. O. Ry. Co. v. Petersilka, Tex.Civ.App., 176 S.W. 70, 72.

■ (2) The objection that it was "prejudicial and hurtful", such fact not being manifest, failing to point out in any manner in what particular it was deemed hurtful, cannot be considered.

■ An incorrect issue ordinarily is not ground for reversal, unless the specific defect therein is clearly pointed out to the trial court in order that he may be able to observe and correct it. Schaff v. Lynn, Tex.Civ.App., 238 S.W. 1034, 1035; Perkins v. Nevill, Tex.Com.App., 58 S.W. 2d 50, 52; Abilene & So. Ry. Co. v. Herman, Tex.Civ.App., 47 S.W.2d 915, 920, writ dismissed; Ohio Cas. Co. v. Stewart, Tex.Civ.App., 76 S.W.2d 873, 879, writ dismissed; Texas & N. O. Ry. Co. v. Owens, Tex.Civ.App., 54 S.W.2d 848, 856, writ refused; Panhandle & S. F. Ry. Co. v. Friend, Tex.Civ.App., 91 S.W.2d 922, 931; J. S. Curtiss & Co., Inc. v. White, Tex.Civ.App., 90 S.W.2d 1095; Norwich Union Ind. Co. v. Wilson, Tex.Civ.App., 17 S.W.2d 68, 78; State v. Carpenter, Tex. Civ.App., 55 S.W.2d 219, 222, reversed on other grounds, 126 Tex. 604, 89 S.W.2d 194; Id., 126 Tex. 604, 89 S.W.2d 979.

■ (3) The objection "that said instruction * * * does not properly present the law with reference to said issue" obviously failed to specifically inform the trial court of any alleged defect in the issue. The issue was not an "instruction." It did not purport to "present the law with reference to said issue", nor should it have done so. Appellants contend in a lengthy and intricate argument in this court that the proper measure of damages relative to the land taken was the value of the land taken considered as a part of the entire tract. That it was improper to consider the value of the land taken "considered by itself as severed land." (The argument, as an original proposition, would be persuasive.) Treating the objection made with the utmost liberality, considered in the light of appellants' brief and argument in this court, if it may be considered as tantamount to an objection that the court was submitting an incorrect measure of damages, is insufficient. Such an objection has been often condemned as insufficient to raise the point on appeal. Guillot v. Halman, Tex.Civ. App., 91 S.W.2d 402, 403; Abilene & S. Ry. Co. v. Herman, Tex.Civ.App., 47 S.W.2d 915; Scruggs v. Dean, Tex.Civ.App., 47 S. W.2d 378; Chase Bag Co. v. Longoria, Tex. Civ.App., 45 S.W.2d 242, 244; Carter v. Ferris, Tex.Civ.App., 93 S.W.2d 504, 508; Pecos & N. T. Ry. Co. v. Grundy, Tex.Civ. App., 171 S.W. 318; Holder v. Martin, Tex. Civ.App., 131 S.W.2d 165, 169; International & G. N. Ry. Co. v. Acker, Tex.Civ. App., 128 S.W.2d 506, 523.

Said objection certainly failed to specifically point out to the court, as required by the foregoing authorities, that the court should submit to the jury the question of the

value of the land taken as a part of the entire tract of land, rather than as a severed tract, as is now contended.

■ However, if we were permitted to consider the first assignment and propositions thereunder, as if it had been objected to so as to specifically point out to the trial court the error now alleged, we think it must be overruled.

In State v. Carpenter, 126 Tex. 604, 89 S. W.2d 194, 196, special issue No. 1 asked the jury to determine the market value of the land taken. In connection therewith the jury was instructed as follows: "In connection with Special Issue No. 1, you are instructed that the market value of the 8⁸/₁₀₀ acres of land within the right of way, is not the market value of said land taken for right of way purposes when considered by itself alone, but is its market value as a part of the entire tract of which it forms a part." Relative thereto, the Supreme Court said: (126 Tex. at page 608, 89 S.W.2d at page 196) "The first question for decision concerns the action of the court in giving the instruction set out above in connection with special issue No. 1. Perhaps if the value of the strip of land taken had been the only issue submitted, it would have been proper to submit the question of its value, considered as a part of the whole tract. However, it seems to us obvious that when the value of this strip was ascertained 'as a part of the entire tract of which it forms a part,' this necessarily included to some extent a part of the damages to the remaining portion. In submitting the issue of damages to the remainder of the tract, consideration is taken of damages caused by the severance of the part taken from the whole tract as well as of consequential damages to the remainder of the farm. From this it necessarily follows, it seems to us, that if the part taken be valued as a part of the entire tract of which it forms a part, there would be opportunity for double damages."

The court further said: (126 Tex. at page 609, 89 S.W.2d at page 196)

"The true doctrine of just compensation is this: 'Compensation is awarded not merely for the property taken, but for the taking of the property.' It necessarily follows that if the part taken is valued in its relation to the whole, and the damage is allowed to the remainder because of the severance of the part taken, there is a duplication of damages. * * *

"In order, therefore, to avoid the possibility of double damages, the value of the part taken should be ascertained by considering such portion alone, and not as a part of the larger tract; unless, of course the issue of damages to the remainder of the tract is not involved."

The manner of submitting the issue of the value of the land taken was suggested as follows: (126 Tex. at page 617, 89 S.W.2d at page 201)

"As this case is to some extent a representative one, and as it must be reversed and remanded for another trial, we are suggesting what occurs to us is a proper method of submitting same; on the assumption, of course, that it will be submitted on special issues. Without intimating that this method should be followed in all like cases, we believe it will furnish a practical method of submission in most similar cases. We suggest the following special issues:

"Question No. 1. From a preponderance of the evidence what do you find was the market value of the strip of land condemned by the state for highway purposes at the time it was condemned, considered as severed land?"

On motion for rehearing relative to this question, the court said (126 Tex. at page 620, 89 S.W.2d at page 981): "We have again carefully considered the question of the proper method of submitting the issue of value of the tract of land taken, and are still of the conclusion that, when damages are sought because of depreciation in the market value of the remainder of the tract, the proper method of submitting the question is as stated in our original opinion. If it be true, as argued by counsel in this case, that the 8.03 acres of land taken was, when considered as a part of the farm, worth $100 per acre, it necessarily follows that the value of the farm as a whole included the sum of $803 by reason of this 8.03 acres being included therein. If, after the land was severed from the tract, the 8.03 acres was worth, as severed land, only $100, it must follow, it seems to us, that, when proof was made of this fact, a jury would necessarily conclude that the value of the balance of the farm had been diminished $703 by reason of the severance of the strip alone."

Defendants' contention finds support in the authorities cited by them, to-wit: Routh v. Texas Traction Co., Tex.Civ.App., 148 S.W. 1152; San Antonio etc. Ry. Co.

v. Bobo, Tex.Civ.App., 163 S.W. 377; Pilot v. City of Houston, Tex.Civ.App., 51 S.W.2d 794; State v. Carpenter, Tex.Civ. App., 55 S.W.2d 219; Swetland v. Curtiss Airports Corp., 6 Cir., 55 F.2d 201, 83 A.L. R. 319. The first two of said cases were cited by the Court of Civil Appeals in the Carpenter case and said court's decision on this question was expressly disapproved by the Supreme Court and its judgment reversed.

These cited cases, other than the Carpenter case, did not reach the Supreme Court. Substantially the same contentions as those made by defendants were disapproved by the Supreme Court. We see no room for distinction on the facts. All the defendants' contentions, not specifically discussed, have been considered and are overruled

The judgment is affirmed.